## MARQUETTE, HOUGHTON & ONTONAGON RAILROAD CO. v. PROBATE JUDGE FOR HOUGHTON COUNTY.

*Railroad Companies—Condemnation of land—Setting aside report of commissioners—Averaging award of damages.*

1. Petitioners for the condemnation of land for railroad purposes can move the probate court to set aside the report of the commissioners

thereon, if the latter have awarded damages so unreasonable as to indicate prejudice, partiality or a wrong basis of computation.

2. The official report of the commissioners appointed by the probate court in proceedings to condemn land for railroad purposes should not ordinarily be outweighed by affidavits as to the value of the land and the damage thereto. Such evidence is, however, admissible on a motion to set aside the report.

3. Commissioners in proceedings to condemn land for railway purposes are not like a common law jury, and their individual affidavits are admissible to impeach their finding or to show, like any other fact, the rule of damages on which they proceeded.

4. An award of damages in proceedings to condemn land is not invalid for having been reached by averaging the amounts as marked by each commissioner, if the commissioners did not agree beforehand upon this mode of compromise, but merely resorted to it as a proper method of arriving at a just result, after stating to each other the amounts which they had individually fixed.

5. The showing upon a motion to set aside an award is ordinarily made by affidavits and counter-affidavits, but it is discretionary with the court to require oral testimony and cross-examination.

6. Lands cannot be taken for corporate uses until the necessity for doing so and the compensation have been determined. (Mich. Const. Art. xv. Sec. 9.) And mandamus to set aside an award that had been paid under protest was therefore denied where the land had been actually appropriated, since the allowance of the writ would leave the amount undetermined after the land had been taken.

Mandamus. Submitted Jan. 10.—Denied April 9.

*T. L. Chadbourne* and *W. P. Healy* for relator. An appellate court has ample power to compel inferior tribunals to act—to obey the express command of a statute—*e. g.* to set aside a report if good cause is shown, as required by Act 198 of 1873, § 22: *Wiley v. Judge of Allegan Circuit* 29 Mich. 487; *Comstock v. Judge of Wayne Circuit* 30 Mich. 98; *Barrett v. Judge of Branch Circuit* 18 Mich. 247; *Stebbins v. Judge of Barry Circuit* 27 Mich. 170; or to compel a probate court to hear evidence tending to show that a condemnation report by commissioners ought not to be confirmed: *Penn. R. R. v. Heister* 8 Penn. St. 445; *In re N. Y. C. & H. R. R.* 64 N. Y. 60; *In re Mayor of New York* 49 N. Y. 150; a referee's report may be set aside for misconduct: *Livermore v. Bainbridge* 56 N. Y. 72.

*Isaac Marston* and *John Atkinson* for respondent. Condemnation proceedings are not restricted to the value of the property actually taken: *Dunlap v. Tol. A. A. & G. T. Ry* 50 Mich. 475; *Port Huron &c. R. R. v. Voorheis* id. 506; *Mich. Air Line v. Barnes* 44 id. 227; *Detroit &c. R. R. v. Crane,* 50 id. 188; an appellate court can only set aside proceedings that appear to be based on false principles: *Tol. A. A. & G. T. Ry v. Dunlap* 47 Mich. 466; mandamus like certiorari is discretionary and should not issue where another remedy is provided or where it would be contrary to the legislative policy of the State, or substantial justice would not be advanced thereby: *Tucker v. Parker Drain Com'r* 50 Mich. 5; *D. & B. C. R. R. Co. v. Graham* 46 Mich. 642.

CHAMPLIN, J. In July, 1883, the relator commenced proceedings in the probate court of Houghton county for the condemnation of certain lands for railroad purposes. Commissioners were duly appointed and qualified under the law, and proceeded to the condemnation of a parcel of land designated in the petition as parcel number 4, belonging to Johnson Vivian and Stephen L. Prince. The commissioners made their report on the 15th day of August, 1883, and filed it in the probate court. On the 29th day of August, petitioners filed a motion with the probate court to set aside the finding and report of the commissioners upon the following grounds:

1. Because the damages and compensation found by said commission are excessive and exorbitant.

2. Because said commission included in such damage and compensation large sums of money, to-wit, the sum of nine hundred and ninety-nine dollars for loss of profits in the fuse business during the interruption of the same, and the sum of five hundred and twenty dollars for loss estimated to accrue to Stephen L. Prince, one of the owners of said property, and his family, in wages while the factory should be stopped, and the sum of three hundred and thirty-seven dollars or thereabouts, for loss of business to arise from the removal of the fuse factory to another site, without any evidence whatever on which to found the same.

3. Because said commission included in said finding the sum of three hundred dollars as the loss of Stephen L. Prince, one of the owners of said property, in removing therefrom, and the cost of the same.

4. Because said commission grossly overestimated the value of said land and the structures thereon and the damage done thereto.

5. Because said commissioners each separately arrived at what the total award ought to be, and agreed to add together the said several sums so arrived at and to divide the sum by three, and make the quotient their award, and did so.

6. Because said commissioners allowed as damages to and compensation for said real estate a larger sum than the entire value of the whole of said real estate.

This motion is founded upon the affidavits of Matthew Van Orden, Richard M. Hoar, Philip Scheuermann and Thomas W. Edwards, filed herewith, and upon other affidavits hereafter to be filed, and upon the report of said commissioners on file herein, and upon the record of said proceedings, and upon the testimony of such affidavits and such other testimony as petitioner may produce on the day of hearing.

Notice of the hearing of this motion was given for September 3d, 1883. On that day the petitioner filed with the probate court its objections to the report as follows :

1. That the damages and compensation found by said commission are excessive and exorbitant.

2. That said commission included in said damages and compensation large sums of money, to-wit, the sum of nine hundred and ninety-nine dollars for loss of profits in the fuse business during the interruption of the same, and the sum of five hundred and twenty dollars for loss estimated to accrue to Stephen L. Prince, one of the owners of said property, and his family, in wages while the factory should be stopped, and the sum of three hundred and thirty-seven dollars, or thereabouts, for loss of business to arise from the removal of the fuse factory to another site, without any evidence whatever on which to found the same.

3. That said commission included in said finding the sum of three hundred dollars as the loss of Stephen L. Prince, one of the owners of said property, in removing therefrom, and the cost of the same.

4. That said commission grossly overestimated the value of said land and the structures thereon, and the damage done thereto.

5. That said commissioners each separately arrived at what the total award ought to be, and agreed to add together the said several sums so arrived at, and to divide the sum by three and make the quotient their award, and did so.

6. That said commissioners allowed-as damages to and compensation for said real estate a larger sum than the entire value of the whole of said real estate.

7. That the garden, trees and shrubs valued by said commissioners at eight hundred dollars are grossly overvalued, and are not worth to exceed two hundred dollars.

8. That Josiah Paull, one of said commissioners, after being appointed a commissioner, and before the finding of damages was made, and while charged with his duty as such commissioner, received privately from said Vivian, or from said Prince, or from some one in their behalf, a written paper containing a list of the structures and other property upon said land, together with valuations of the same and of the land, and of the damages assumed to be done thereto by the railroad, amounting to $11,000, or thereabouts, and was influenced by the same in his deliberations as a commissioner.

9. That the ' garden ' mentioned in M. Van Orden's affidavit in support of the motion heretofore made does not exceed 30x100 feet in size, nor three hundred dollars in value, and that the strip of land sought to be taken crosses the same."

—and offered to establish the above causes by the oral testimony of witnesses then in the court-room and by affidavits.

This was met by a counter-motion from the attorneys of Messrs. Vivian and Prince to strike the affidavits from the files, and to refuse to hear testimony in opposition to the commissioners' report, on the ground that such affidavits and oral testimony of witnesses were incompetent and inadmissible on the hearing of a motion to set aside the report. The probate court denied petitioner's motion, and granted that of Messrs. Vivian and Prince; and before any motion was made for a confirmation of the report, the petitioners applied to this Court for an order on the probate judge to show cause why he should not receive and consider, upon the motion to set aside the report, the affidavits and oral testimony offered, and why (should said report be confirmed) he should not set aside such confirmation for the purpose of such hearing. Such was the situation of the proceedings when the petition was presented to this Court, and the order to show cause was granted, and the return to the order shows that the facts up to this point are correctly set forth in the petition. The motion made by the petitioners to set aside the report was

one proper to be made, and, if substantiated, would have furnished sufficient grounds for setting aside the report.

The probate court has authority to set aside the report of commissioners for good cause shown. If the amount awarded is unreasonable, and indicates that it was the result of prejudice or partiality, or that the commissioners must have acted upon a wrong basis of estimating the damages, it is a good cause for setting aside the report. *Chapman v. Groves* 8 Blackf. 308. Evidence as to the value of the property condemned, and the resulting damages, while admissible, is not controlling; they are the opinions of witnesses simply, and should not ordinarily have greater weight than the official report of the commissioners who have considered all the evidence. *Eastern R. R. Co. v. Concord &c. R. R. Co.* 47 N. H. 108. Numerous courts have held that the reports of commissioners may be impeached for partiality, bias, prejudice or inattention or unfaithfulness in the discharge of their trust, or for error of such extraordinary character or grossness as should furnish a just inference of the existence of such influences. Mills on Em. Domain § 234, and cases cited in note 7. Commissioners exercise important functions, and pass upon valuable rights, and should be free from prejudice or undue influence.

In *Peavey v. Wolfborough* 37 N. H. 286, it was held that they should not converse or discuss with one party in the absence of the other upon the subject under consideration, and in another case the furnishing of liquor by a petitioner for a highway to the commissioners, while engaged in their duties, was held an abuse for which the court would ordinarily set aside a report in favor of the petitioner, without inquiring how far the commissioners were affected by it. *Newport Highway* 48 N. H. 433.

In this case an affidavit of one of the commissioners was filed in support of the motion to set aside the report. This was proper. The commissioners are not like a common-law jury, and their own affidavits may be used to impeach their finding, or show that they proceeded upon a wrong principle in the ascertainment of damages. The rule on which

they act is a fact, and may be shown as any other fact. *Canal Bank v. Albany* 9 Wend. 244; *New Jersey R. & T. Co. v. Suydam* 17 N. J. Law 25.

The fifth ground for setting aside the report was supported by the affidavit of one of the commissioners. All parties are entitled to the intelligent judgment of the commissioners upon the appraisement of damages, and any agreement in advance which shall leave the amount as the result of chance cannot be upheld. In the case of *Kansas City &c. R. R. Co. v. Campbell* 62 Mo. 585, the three commissioners put down the amounts respectively determined on by them, and divided the sum by three, and returned the quotient as the result, and the finding was set aside by the Supreme Court. See also to the same effect, *Donner v. Palmer* 23 Cal. 40; *Ruble v. McDonald* 7 Iowa, 90; *Birchard v. Booth* 4 Wis. 67; *Denton v. Lewis* 15 Iowa 301; *St. Martin v. Desnoyer* 1 Minn. 156; *Forbes v. Howard* 4 R. I. 364.

There is no doubt, having regard to the constitution of different individuals' minds, that an agreement upon the amount is nearly always the result of compromise of opinions; and where there is no previous agreement to be bound by the result, there can be no objection to a subsequent adoption of such amount, if in view of all the evidence the commissioners become convinced that the amount thus determined is just and right. An agreement to be bound in advance is not the result of compromise or conviction, and affords designing persons on the commission the opportunity to mark an extravagantly high or low amount, so that the average will not yield a just average of the unbiased judgment of the persons composing the commission. In this case the commissioners had each announced how much the award ought to be as follows: $7333; $8000 and $7777; they then agreed to add these sums together and divide by three and make the quotient their award. I can see nothing objectionable in this. It was a fair way of reaching a compromise, agreed upon when each knew what the result would be. It would have been quite different if they had not known the several amounts in advance.

With reference to the practice on a motion of this kind, whether the facts shall be brought to the knowledge of the court by affidavits or by oral testimony, the method of proceeding must be left very much to the discretion of the court, who is to hear and decide the motion. Ordinarily the facts are brought before the court by affidavits, and these are proper to be met with counter-affidavits, but the court has the power, if it choose to exercise it, to require the witnesses to be produced before it and to submit to the test of cross-examination. If the record showed that the case was in the same situation as when this Court allowed the order to show cause, I should have no hesitation in saying that a peremptory mandamus should issue. But it appears from the record before us that several important steps have been taken by the petitioners since that time, which I shall proceed to consider.

On the 1st day of October, 1883, at a regular session of the probate court, the attorney for the petitioners, together with the attorneys of Messrs. Vivian and Prince, appeared in court, and the attorney for the petitioner then moved the court to confirm the report of the commissioners, protesting, nevertheless, that their award was unjust, exorbitant, unwarranted and illegal, and praying that his motion might not in anywise prejudice the petitioner's right to question and attack said report on appeal, or by other proper proceeding, and not waiving or in anywise relinquishing or impairing the motion theretofore made for an order to the court to show cause why said report should not be set aside; and thereupon the probate court ordered, adjudged and decreed that the report of the commissioners should be in all things ratified and confirmed. The attorney for petitioners made and presented to the probate court an order of confirmation, which the judge of probate signed and delivered to him a certified copy thereof, which the attorney for petitioners caused to be recorded in the office of the register of deeds for said county, in liber 21 of deeds, at page 496, on the 1st day of October, 1883; and on the 2d day of October the petitioners paid the amount of the award to the attor-

ney for Messrs. Vivian and Prince, under protest, and stated that the petitioner reserved all its rights to recover the same or any part of the same back, should said award be set aside, diminished or quashed by proceedings had theretofore upon the same, and all other rights that it had or may have for the recovery of said money or any part thereof, and that the money was paid then because the railroad company needed the land for the purpose of building its track thereon at once, and further delay in acquiring that right would result in great loss to it and inconvenience to the public. The petitioner's attorney took a receipt for the money, and filed it in the probate court, and went into the immediate possession of the land.

On the 20th day of October, 1883, the petitioners appealed from the appraisal and report of the commissioners to the Supreme Court for the same reasons stated in support of the motion to set aside the report, and the following additional reasons:

10. That said report does not state what the damages are, nor for what they are given, nor in any manner specify the same.

11. That said report does not distinguish and give in separate amounts the damages found for the value of the land taken, and for resulting damages.

12. That said Johnson Vivian and Stephen L. Prince are and were at the time of filing said petitions married men, and that their wives were residents with them of Houghton county, and that petitioner inadvertently failed to make said wives parties to the proceedings, and to serve them with a copy of the petition and notice of the hearing thereof; and that, although said petitioner showed said facts by affidavit, said probate judge refused, on request, to set aside said report and give petitioners leave to acquire said lands as if no appraisal had been made.

13. That the probate judge refused to receive the testimony of witnesses offered in open court, and the affidavits filed in court, to substantiate the facts set forth in numbers 1 to 9 inclusive, hereinabove, and to substantiate the facts in each of them severally.

14. That said probate judge ought to have received said affidavits and said oral testimony, offered in open court in

support of said facts in numbers 1 to 9, inclusive, and in support of each of them, and ought to have refused to confirm said report, and ought to have set the same aside : which objections and facts will appear by the records and files in said proceedings."

On the 21st day of December, 1883, the petitioners voluntarily dismissed the appeal on the ground that the appeal was taken through inadvertence. Counsel for the relator contends that, the appeal having been dismissed because it was taken through inadvertence, the jurisdiction of the probate court is restored, and that it is competent for this Court to direct the probate court to consider the affidavits filed on the motion to set aside the report of the jury, and if in the opinion of that court a sufficient cause was shown it should vacate the report. If this claim is correct it would leave the case in an anomalous condition. The owners would be deprived of their property without any compensation having first been determined. The relator is not in a position to complain of any error in the action of the court in confirming the report. It was upon the relator's motion that the order was made, and it has made use of this order as the basis of obtaining substantial rights. By causing it to be recorded and paying the compensation awarded by the commissioners the railroad company has obtained the right to enter upon and take possession of and use the land, and by force of the statute the owners have been divested and barred of all right, estate and interest in the real estate.

Under these circumstances the order of confirmation and the proceedings based thereon cannot be disturbed. The Constitution expressly provides : " The property of no person shall be taken by any corporation for public use without compensation being first made or secured, in such manner as may be prescribed by law." Art. XV, sec. 9. Another provision of the Constitution requires the necessity for taking the property for the public uses as well as the compensation, to be ascertained by a jury or commissioners. These requirements are conditions precedent to the taking, and must first be complied with before an individual can be compelled to

part with the title or possession of his property. "Compensation is a constitutional condition of such taking, and it can only be lawful when the necessity of the taking, as well as the measure of compensation, has been determined in a legal way." *Sheldon v. Kalamazoo* 24 Mich. 386. The effect of setting aside the report of the commissioners would be to leave the compensation undetermined, and the owners divested of their property.

The necessities of the corporation for the immediate use of the land for the purpose of constructing its road are not sufficient to nullify these constitutional safeguards to the rights of private property. If they may be ignored in one case, under the plea of necessity, they may be in all, and the railroad company may proceed to seize upon private property and construct its road, and leave the questions of the necessity of the taking and the compensation to be made to be determined at its leisure. The acts of the relator, as disclosed by this record subsequently to the application for this writ, render the remedy by mandamus improper under the circumstances.

The writ of mandamus is denied.

The other Justices concurred.