ONTONAGON RAILROAD CO. *v.* NORTON.

1. EMINENT DOMAIN — RAILROADS — APPROPRIATE STATUTE UNDER WHICH TO BRING CONDEMNATION PROCEEDING.

Condemnation proceedings by a railroad company organized under the train railway act (Act No. 148, Pub. Acts 1855, 2 Comp. Laws 1915, § 8500 *et seq.*) were properly brought under said act, which stands unrepealed, although the plank road act (2 Comp. Laws 1915, § 8691 *et seq.*), which furnished the machinery to determine the necessity and the damages, has been repealed, and notwithstanding the proceedings might have been brought under the general railroad act (2 Comp. Laws 1915, § 8254), which is cumulative rather than exclusive.

2. SAME — CONSTITUTIONAL LAW — JURY AND NOT COURT TO DETERMINE NECESSITY.

The question of the necessity for taking private property for railroad uses having been confided by the Constitution (article 13, §§ 1, 2) to a jury or three commissioners appointed by the court, the circuit court, on certiorari to review a finding by the commissioners that no such necessity existed, was without power to find such necessity from the proofs.

3. SAME — NOT A COMMON-LAW PROCEEDING — PROCEDURE — CERTIORARI — QUESTIONS OPEN TO REVIEW.

A proceeding by a railroad company to condemn private lands for railroad uses is not a common-law proceeding, and, on certiorari to review the finding of the jury, the Supreme Court does not reverse for errors in the procedure unless the jury has proceeded on a wrong theory or basis to determine the necessity or damages, or unless something out of the ordinary has occurred in the proceeding, which has obviously influenced the jury to a wrong conclusion.

4. SAME — COURT MAY SET ASIDE FINDING OF JURY BUT MAY NOT ITSELF DETERMINE NECESSITY.

Where, on certiorari in the circuit court to review a find-

Eminent Domain, 20 C. J. §§ 300, 309, 381, 485, 499, 506.

ing by the commissioners that no necessity for taking private land for railroad uses existed, it was apparent from the record that the commissioners were influenced in reaching said determination by extraneous matters, the court was justified in setting aside said finding, but it should have referred both the necessity and the damages to a new inquest instead of determining the necessity itself.

Certiorari to Ontonagon; Stone (John G.), J., presiding. Submitted April 21, 1926. (Docket No. 93.) Decided October 4, 1926.

Condemnation proceedings by the Ontonagon Railroad Company against Dennis J. Norton and others. From an order setting aside a finding of the commissioners, defendants bring certiorari. Reversed.

*Van Slyck & Bay,* for appellants.

*Rees, Robinson & Petermann* (*John Jones* and *Joseph M. Donnelly,* of counsel), for appellee.

BIRD, C. J. The questions involved in this case grew out of a railway condemnation case. Plaintiff is the owner of a railroad about six miles in length, lying between Ontonagon and Green. It was originally constructed as a logging road by the McMillan lumber interests, but is now also a common carrier of freight and passengers, and is subject to the rules of the interstate commerce commission. The railroad was organized under the train railway act. It connects at Green with the Chicago, Milwaukee & St. Paul Railway, and that railroad now, by force of certain agreements, operates its trains over it and has a joint use of it, with its owner. At the time the railroad was constructed in 1904 it leased the land that is now in controversy for 20 years. When the lease expired these proceedings were begun to condemn that portion

of the land which it had theretofore used under the lease.    Upon its petition three commissioners were appointed by the court and a hearing had.    The finding of the commission was as follows:

"We, the said commissioners, do further certify and report that after the testimony in said proceeding was closed, and after hearing the parties and viewing the premises above described, and maturely considering the matters aforesaid, and being all present and acting, we did ascertain and determine that while recognizing the necessity of a railroad it is not necessary for the Ontonagon  Railroad  Company  to acquire above described right of way for  public use and benefit as set forth in said petition."

Following this report the railroad company removed the proceedings to the circuit court by certiorari for review.    The circuit court set aside the findings and held that, as a matter of law, the testimony did establish a public necessity, and he referred the matter back to the commissioners to find the damages.    Defendants then obtained a writ of certiorari from this court, and we now have the proceedings before us for review.

The questions raised are:

(1) The petitioner should have proceeded under the general railroad act.

(2) The court erred in finding a necessity, as a matter of law, being in direct violation of section 2 of article 13 of the Constitution of the State of Michigan.

(3) The court erred in directing said commissioners to proceed to assess damages, as their finding of no necessity was final and conclusive.

1. We are not impressed that this contention is well taken.    The train railway act was passed in 1855, as Act No. 148 (2 Comp. Laws 1915, § 8500 *et seq.*). Companies, under this act, were authorized to condemn lands for railway purposes, and the machinery provided for the condemnation of land by the plank road act was invoked to determine the necessity and

the damages (2 Comp. Laws 1915, § 8691 *et seq.*). We are unable to find that the train railway act has ever been repealed. It is true the plank road act has been repealed, but this fact would not prevent the use of its condemnation machinery by corporations organized under the train railway act. Counsel argue that the provisions of the general railroad act (2 Comp. Laws 1915, § 8254) should have been used. It is possible that the general act might have been used, but, if so, the general act was cumulative, not exclusive.

2. We are not of the opinion that the circuit judge could, from the testimony, find a public necessity. That question is confided by the Constitution to a jury, or three commissioners appointed by the court. The constitutional provisions, which are material, provide:

"Private property shall not be taken by the public nor any corporation for public use, without the necessity therefor being first determined and just compensation therefor being first made or secured in such manner as shall be prescribed by law." Article 13, § 1.

"When private property is taken for the use or benefit of the public, the necessity for using such property and the just compensation to be made therefor, except when made by the State, shall be ascertained by a jury of twelve freeholders residing in the vicinity of such property, or by not less than three commissioners appointed by a court of record, as shall be prescribed by law: *Provided,* That the foregoing provision shall not be construed to apply to the action of commissioners of highways or road commissioners in the official discharge of their duties." Article 13, § 2.

If the circuit court could find a public necessity from the proofs in this case it might find it in every case where it happened to disagree with the jury, and

if this were so the foregoing constitutional provisions would be of very little importance.

But counsel argue that the court sets aside findings of a jury in such cases, and if the court was of the opinion that the findings of the jury on the question of necessity were overwhelmingly against the weight of the evidence, it could set aside the finding of necessity or no necessity. This might be true had not the Constitution made a jury the sole arbiter of the question of necessity. This is not a common-law proceeding, and on review we do not reverse for errors in the procedure unless the jury has proceeded on a wrong theory or basis to determine the question of necessity or damages, or unless something out of the ordinary has occurred in the proceeding which has obviously influenced the jury to a wrong conclusion. *Toledo, etc., R. Co.* v. *Dunlap,* 47 Mich.. 456; *City of Detroit* v. *Hartwick,* 204 Mich. 635.

In the first case cited it was said:

"The proceedings to condemn lands, although made under the railroad laws subject to judicial review and supervision for certain purposes, are not in themselves and never have been regarded as judicial proceedings. Our Constitution allows them to be conducted by highway commissioners in some cases, and by specially-appointed commissioners or juries of freeholders. The inquiry in this State, as elsewhere, is an appraisal or estimate of values, and not a contest on litigious rights, and includes what is not elsewhere included, an inquiry into the necessity of the proposed taking for public purposes, which was never made by courts, but always heretofore by the legislature or some unjudicial body of its creation."

It is argued that the commissioners were influenced by extraneous matters and by local prejudice against the Ontonagon Railroad Company, and that this justified the action of the court. If the court was of this opinion it could set aside the finding and order a new inquest, but it could not determine the question

of necessity itself any more than it could determine a question of fact in any ordinary lawsuit about which the jury might disagree.   A careful reading of the testimony convinces us that extraneous matters did get into the hearing.   Matters of exorbitant rates charged by plaintiff were gone into at some length and were quite likely responsible for this finding by the commissioners.   In view of this the circuit court was justified in setting aside the findings, but it should have referred both questions to a new inquest instead of determining the question of necessity itself.

The order of the circuit court is reversed and the findings of the commissioners are set aside and a new inquest ordered.   Defendants will recover their costs.

SHARPE, SNOW, STEERE, FELLOWS, WIEST, CLARK, and MCDONALD, JJ., concurred.