*In re* STATE HIGHWAY COMMISSIONER.

1. Eminent Domain—Powers of Commissioners.
    Commissioners appointed for condemnation of land pursuant to Constitution (article 13, § 2) are constitutional tribunal with same powers and duties as jury authorized to act in condemnation cases, are vested with large discretion in taking testimony, and are judges of both law and facts, but are not vested with any arbitrary power, and, like common-law juries trying title to land, are subject to supervisory control.

2. SAME—AWARD MAY BE SET ASIDE FOR FRAUD, ETC.

Award arrived at either by jury or by commissioners appointed in condemnation case pursuant to Constitution (article 13, § 2) may be set aside for fraud or misconduct of jury or commissioners affecting rights of parties, for gross errors or mistakes, for erroneous rejection or admission of testimony, for undue influence, partiality, bias, prejudice, or unfaithfulness in discharge of duty, and also when it is apparent to the court that the damages awarded are either inadequate or excessive.

3. SAME—SUPREME COURT MAY DETERMINE WHETHER AWARD MADE ON PROPER BASIS.

On certiorari to review award in proceedings to condemn land for widening highway under Act No. 352, Pub. Acts 1925, § 18, while Supreme Court may not substitute its judgment for that of jury or commissioners, it may shear the case of speculative evidence inducing improper deductions, and determine whether compensation was awarded on proper basis.

4. SAME—WIDENING HIGHWAY—MEASURE OF COMPENSATION.

Under the Constitution (article 13, § 1) providing that private property may not be taken by the public without just compensation therefor being first made or secured, the measure of compensation for land taken for widening highway under Act No. 352, Pub. Acts 1925, § 18, is the amount which the value of the property from which land is taken is diminished thereby, and land taken may not be valued on basis of foot frontage separate from remaining portion.

Certiorari to Wayne; Keidan (Harry B.), J. Submitted January 22, 1930. (Docket No. 117, Calendar No. 34,558.) Decided March 6, 1930.

Condemnation proceedings by Grover C. Dillman, state highway commissioner, to widen a highway. To the award of commissioners to David W. Simons, plaintiff filed objections. From an order confirming the award, plaintiff brings certiorari. Reversed.

*Wilber M. Brucker*, Attorney General (*Frank C. Cook* and *John P. O'Hara*, of counsel), for plaintiff.

*Lucking, Van Auken & Sprague* (*Waldo K.* *Greiner,* of counsel), for defendant.

POTTER, J. Petitioner seeks condemnation of respondent's lands for widening a highway. An award was made by appointed commissioners. Petitioner filed objections to confirmation of their award, which objections were overruled. Petitioner brings certiorari. Respondent owns 20 acres of unplatted lands abutting 1,291.34 feet on the highway, in the proposed widening of which a strip 75 feet in width for the full length of respondent's land is proposed to be taken. The commissioners awarded respondents $21,814.71 damages. Such commissioners, when appointed, are a constitutional tribunal with the same powers and duties as a jury, authorized to act in condemnation cases. Section 2, art. 13, Constitution of Michigan. They are an inquisitorial body—a tribunal of inquest. *Chicago, etc., R. Co.* v. *Jacobs,* 225 Mich. 677. They may conduct such inquiry as they deem proper without the aid or assistance of legal experts. *Michigan Air Line Ry.* v. *Barnes,* 44 Mich. 222. They are expected to view the premises and to use their own knowledge gained from such view and their experience as freeholders, as well as the testimony of witnesses as to matters of opinion. *Toledo, etc., R. Co.* v. *Dunlap,* 47 Mich. 456; *In re Widening of Bagley Ave.,* 248 Mich. 1. Being an inquisitorial body, a large discretion in taking testimony is vested in them (*Chicago, etc., R. Co.* v. *Jacobs, supra*), and they are the judges both of the law and fact. *Fort St. Union Depot Co.* v. *Backus,* 92 Mich. 33; *Chicago, etc., R. Co.* v. *Jacobs, supra; In re Widening of Bagley Ave., supra.* They are not vested with any arbitrary power. Like common-

law juries who tried titles to land, they are subject to supervisory control.

"Taking property by virtue of the right of eminent domain is a proceeding that ought to demand quite as careful oversight as the trial of any other case, for it deals with as important interests as any civil cause." *Detroit & Toledo Shore Line R. Co.* v. *Campbell,* 140 Mich. 384.

The award arrived at either by a jury or by commissioners appointed in condemnation cases may be set aside if it is found by the court that there has been fraud or misconduct upon the part of the jury or commissioners affecting the rights of the parties; for gross errors or mistakes of the jury or commissioners; for the erroneous rejection or admission of testimony affecting the rights of the parties, for errors of such extraordinary character or grossness as furnish a just inference of the existence of undue influence, partiality, bias, and prejudice, or unfaithfulness in the discharge of the duty; when it is apparent to the court that the damages awarded are either inadequate or excessive (*Union Depot Co.* v. *Backus, supra*); where the jury or commissioners acted on a wrong basis in estimating the damages (*Marquette, etc., R. Co.* v. *Probate Judge,* 53 Mich. 217); or where the award of the jury or commissioners is based upon false principles and substantial justice has not been done in the premises. *Union Depot Co.* v. *Backus, supra; Ontonagon R. Co.* v. *Norton,* 236 Mich. 187.

Although this court may not substitute its judgment for that of the jury or commissioners, we may shear the case of speculative evidence inducing improper deductions, and determine whether compensation was awarded on a proper basis. *In re Rogers,*

243 Mich. 517. The proceedings here involved were had and taken under section 18, Act No. 352, Pub. Acts 1925, which provides:

"If any discontinued highway shall be upon lands through which a new highway shall be laid out, the same may be taken into consideration in estimating the damages sustained by the owner of such lands; and in like manner the benefits accruing to owners of lands by reason of laying out, altering, widening or otherwise improving any highway or of changing the line thereof, shall be taken into consideration in determining the damages to be paid to any such owner as compensation for the taking of any of his property for any such highway purpose. In each such case, the commissioner or commissioners having the matter in charge, or the court commissioners, as the case may be, shall state such fact and the amount deducted on account thereof in the determination, or report, as the case may be; and should any special assessment be thereafter made upon such lands on account of such improvement, the owner or owners thereof shall be credited on such special assessment with the sums so deducted for benefits as aforesaid. In like manner, the court commissioners, in considering benefits, shall give to owners of lands already specially assessed on account of the improvement for which the property is being taken, credit to the amount of such special assessment, as against any allowance for benefits, in their determination of damages to be paid as compensation for such taking."

Section 1 of article 13 of the Constitution of Michigan of 1908 provides that private property shall not be taken by the public without just compensation therefor being first made or secured. What is just compensation therefor which must be

made or secured prior to the appropriation of private property by the public?

"What the statute, under the Constitution, aims to do is to give to the owner fair value for what is taken. * * * To place him in such a position that the value of what he retains, plus the damages awarded, shall equal the value of his property before the highway was laid out." *Township of Custer* v. *Dawson,* 178 Mich. 367.

Just compensation should neither enrich the individual at the expense of the public nor the public at the expense of the individual. The injured party whose lands are taken should be left in as good a position as if his lands had not been taken. *Fitzsimons & Galvin* v. *Rogers,* 243 Mich. 649. The measure of compensation is the amount which the value of the property from which the right of way is taken is diminished thereby. *Johnstone* v. *Railway Co.,* 245 Mich. 65. *In re Widening of Bagley Ave., supra,* it is said:

"Nothing can be fairly termed just compensation which does not put the party injured in as good a condition as he would have been if the injury had not occurred. In the case of land actually taken, just compensation awards its value, or the amount which the value of the property from which it is taken is depreciated. *Grand Rapids, etc., R. Co.* v. *Heisel,* 47 Mich. 393. Where the whole of a parcel of land is taken, the compensation to be made is the fair value of the land so taken. Where only part of a parcel is taken, just compensation is to be determined by the amount which the value of the parcel from which it is taken is diminished."

The authorities upon which the rule above stated is based are reviewed in the opinion of Chief Justice

North in *Re Widening of Fulton St.,* 248 Mich. 13 (64 A. L. R. 1507), and we think the rule is settled.

Counsel for respondent claimed he could treat the property taken as frontage measured on a foot basis. He stated: "We are asking for frontage on a value of $60 a foot for the 1,291.34 feet that are being taken." He insisted that the commissioners "must consider as one of the elements in the value of this land the independent value of the pieces being taken 1,291.34 feet front by an average of 75 feet deep. * * * $77,480.40 for the piece taken." Counsel for respondents thus summed up his claims:

"I am going to ask the commissioner under the law to make a notation of our claim in this way. Value of the land, $77,480.40. You have that, I think. Value of land, $77,480.40. Benefits, $32,283.50. Under the law you must deduct the assessment from the benefits, $13,039.30. Benefits, $13,039.30. Net uncharged benefits $19,244.20. $19,244.20 deducted from the value of the land as testified to in the sum of $77,480.40 leaves a verdict that is a claim for damages in this case of $58,236.20. The State has already charged you with $13,039.30 by a special assessment against your land; taking that $13,039.30 away from the $32,283.50, this is the total benefit, leaving a net uncharged benefit of $19,244.20.

"The total value of land $77,480.40, benefits $32,283.50; assessed benefits $13,039.30; leaving a net uncharged benefit of $19,244.20, deducted from the value of the land is $77,480.40, leaves a net damage of $58,236.20."

Respondent's brief filed in this court contends we must consider that respondent "hereafter has his business frontage set far back from a 'one-way street' behind a setting of 'mud.'" Though the commissioners are judges of the law and fact, the court advised the jury as to the law. From the testimony, the claims of counsel for the respective

parties, and the charge of the court, it is apparent that the parties were contending for two antagonistic rules of law upon what constituted just compensation. The authorities to support the rule in this State are above referred to.

The court charged the jury:

"It is the claim of the State * * * that just compensation * * * will be made if he (defendant) is awarded the difference between the value of his whole property as it stands now, and its value after the taking. * * * The State says that he will be justly compensated if he gets the difference in value of the property as it stands now before the taking and as it will stand after the taking. * * * The claim of the respondent is that just compensation in this case consists of the actual value, the present fair market value of the part taken. * * * The respondent * * * claims he is entitled to the value of the part actually taken based upon so much per front foot. * * * As I see it * * * a man is entitled to the present fair market value of the property actually taken."

Of the rule contended for by respondent, Chief Justice North said in *In re Widening of Fulton St., supra:*

"The appellants claim that they should be paid as damages occasioned by taking the front 16 feet of their respective properties the fair market value obtainable therefor by its sale as a parcel separated from the remaining portion of the property. * * * The rule for which the appellants contend is not the correct rule by which a property owner's damage should be assessed when only a portion of the parcel is taken. The fallacy in appellants' proposed method of fixing the amount of damages lies in overlooking the fact that widening Fulton street does not deprive their properties of frontage on that street, as would a sale of the front 16 feet for private

use. They will still have a right of ingress and egress on Fulton street, and their easement as to light and air on that side will still be pertinent to their properties.''

During the proceeding counsel for respondent said:

''We submit that under the law it is very clear that we can treat it as frontage per foot, and if there is any doubt about it we are perfectly willing to have the matter taken up with the judge.''

One of the commissioners said they had had no ruling up to date, that they did not know anything about any ruling; that they expected the judge either to charge them or to give them a ruling, and we have already pointed out that the ruling upon the measure of damages was erroneous. When, however, it came to computing benefits, respondent contended his property not taken should be valued as upon the new highway, and from that value should be taken the value of the remainder without any highway at all, but 75 feet back from it, or, as the court charged:

''You will first determine   *   *   *   the value of what remains then fronting on the new highway *   *   *   and deduct from that what you determine to be the value of the remainder as it is now, that is to say, 75 feet from a highway   *   *   *   and the difference of these two sums will be the amount of benefits to the remainder.''

In discussing the claims of the respective parties as to benefits, the court charged:

''In each of them you must first determine the value of what remains, considered as fronting on the new highway,   *   *   *.   If you adopt the State's method   *   *   *   you deduct from that the value of the remainder as fronting on the present highway.

\* \* \* If you adopt respondent's method, you deduct from the value of the remainder, considered fronting on the new highway, the value of the remainder without any highway at all, but being 75 feet back of the highway. \* \* \* The reason for deducting \* \* \* from the value of the balance on the proposed highway, the value of the balance \* \* \* 75 feet back from the highway, is this: The respondent \* \* \* claims that he is entitled to the value of the part actually.taken. He claims so much per front foot for the part actually taken.''

This as we have seen is not the rule.

We think it apparent from the contentions of counsel for respondents as to the method to be used in computing damages and benefits, the figures submitted by him to the commissioners, the charge of the court, and the award of the commissioners, that a different and larger award was arrived at than would have been reached had the commissioners followed correct principles of law in arriving at their award, which, for the reasons stated, is set aside.

WIEST, C. J., and BUTZEL, CLARK, SHARPE, NORTH, and FEAD, JJ., concurred. McDONALD, J., did not sit.