*In re* STATE HIGHWAY COMMISSIONER.

1. EMINENT DOMAIN—DAMAGES—EVIDENCE—TESTIMONY OF COMMISSIONERS AS TO HOW AWARD ARRIVED AT ADMISSIBLE.
    On motion to confirm award made by commissioners as compensation to property owners for land taken in condemnation proceedings, testimony of commissioners is admissible for purpose of showing procedure followed in arriving at amount of award (3 Comp. Laws 1929, § 14259).

2. SAME—ABUSE OF DISCRETION.

Where, on motion to confirm award made by commissioners in condemnation proceedings, method used by them in arriving at amount of award was attacked by affidavit reciting statements of commissioners in relation thereto, and, on objection to consideration of the affidavit, offer was made to prove same by one of the commissioners who was in court, it was abuse of judicial discretion to refuse said offer.

Certiorari to Jackson; Simpson (John), J. Submitted April 23, 1931. (Docket No. 105, Calendar No. 35,463.) Decided June 4, 1931.

Condemnation proceedings by Grover C. Dillman, State Highway Commissioner, against Jesse P. Dodes and others for the widening of a State trunk line highway in Concord and Spring Arbor townships, Jackson county. Plaintiff reviews by certiorari order confirming award made. Reversed, and confirmation set aside.

*Paul W. Voorhies,* Attorney General, and *Hugh E. Wilson,* Assistant Attorney General (*Justin R. Whiting,* of counsel), for plaintiff.

*Adrian F. Cooper,* for defendants Dodes.

*Richard Price,* for defendants Aldrich, Faist, and BeGole.

*John E. Shekell,* for defendants Cornell and Ray.

*Harry E. Barnard,* for defendants Arntz.

SHARPE, J. On October 15, 1929, the State highway commissioner filed a petition in the circuit court for the county of Jackson praying for the appointment of three commissioners to appraise the damages to be paid as compensation for the taking of an easement for highway purposes in, over, and upon certain private property in the county of Jackson; the purpose being to widen a part of Spring Arbor road, known as M–60, from 66 to 100 feet.

Commissioners were duly appointed. After considering the evidence submitted and viewing the premises, they made report on February 14, 1930, as follows:

"We appraise the damages to be paid as compensation to the owners and parties interested in said land for the taking of an easement for public highway purposes in, over, and upon the same as follows:

"Parcel No. 1

"The sum of $3,302.90 to be paid to Jesse P. Dodes and Estella Dodes his wife and Charles F. Keeler Estate Mtgee.

"In considering the above award we took into consideration the benefits on account of the proposed improvement to the amount of $800."

The same language was used as to the other parcels except as to the names and amounts awarded.

Motions to confirm the awards of damages were made by the owners of the property and objections to confirmation filed on behalf of the highway commissioner. Among these objections was that the report did not show that the amounts of the benefits were deducted from the damages awarded. The trial court ordered a new report to be filed to meet this objection, and in it the commissioners, after stating that they took into consideration the amount of the improvements as before stated, added thereto "which amount was deducted from the total damages in fixing the amount of compensation to be paid." An order confirming the report was then entered, of which the State highway commissioner seeks review by certiorari.

The serious question arises over an objection to confirmation based on an affidavit of Lincoln E. Bradt, the assistant attorney general who had charge of the proceedings for the State highway commissioner. In his affidavit he stated that after the report of the commissioners was filed, he, in

company with several of the highway officials, interviewed each of the commissioners to ascertain how the result arrived at had been reached; that commissioner Ambler gave him the items as to each parcel which entered into their determination of the amounts awarded as shown in their report, and which were as follows:

"Parcel No. 1—Dodes property—

| | |
|---|---:|
| Allowed for trees | $1,100.00 |
| Moving barn and house | 1,400.00 |
| Fence | 75.00 |
| Seepage from water | 300.00 |
| 1.114 acres of land | 296.00 |
| Trees burned | 10.00 |
| Corn damaged | 10.00 |
| Rye damaged | 8.90 |
| Driveway built by Dodes | 5.00 |
| Total | $3,204.90" |

The items as to the other parcels follow, and the total amounts are as shown in the report.

He further stated in the affidavit that the other commissioners said that they did not have the items, but that they took into consideration the trees standing in the 66-foot highway in making the award.

This affidavit was presented to the court when considering the motions to confirm the awards and the objections filed thereto and in support of a motion to set the report aside and appoint new commissioners. Objection was made to the consideration of the affidavit because it was "mere hearsay, incompetent and immaterial." The record discloses that counsel for the State highway commissioner then said to the court:

"I would like to make an offer on the record. Mr. Ambler, one of the commissioners, is here under subpœna by the relator and we offer to make the proof by him."

In his return to the writ of certiorari, the trial court admits that this offer was made, and that he then said to counsel, "I don't think I care to have the commissioners sworn," and "that the matter was then taken under advisement."

The testimony of Mr. Ambler was admissible.

"The commissioners are not like a common-law jury, and their own affidavits may be used to impeach their finding, or show that they proceeded upon a wrong principle in the ascertainment of damages." *Marquette, etc., R. Co.* v. *Houghton Probate Judge,* 53 Mich. 217, 222.

Section 14259, 3 Comp. Laws 1929, provides:

"Upon the hearing of any motion or petition where any question of fact is involved, the court hearing such motion or petition, may in its discretion, if it deems it necessary in order to reach a just conclusion as to such facts, require the production of all, or any of the witnesses having knowledge of the matters of fact involved on such motion or petition for examination before him in open court."

Counsel for the State highway commissioner had no power to compel Mr. Ambler to make an affidavit in support of the motion. They subpœnaed him to appear in court at the hearing. He was present, and, unless the statements claimed to have been made by him in the affidavit of Mr. Bradt were admitted to be true, we think it was an abuse of discretion on the part of the court to refuse the request that he be sworn as a witness to testify relative thereto.

It follows that the order of confirmation must be set aside, and the cause remanded for the taking of such proof as may be offered by the State highway commissioner in support of his motion and by the property owners in opposition thereto.

Butzel, C. J., and Wiest, Clark, McDonald, Potter, North, and Fead, JJ., concurred.