*In re* PETITION OF STATE HIGHWAY COMMISSIONER.

STATE HIGHWAY COMMISSIONER v. BUSCH.

1. EMINENT DOMAIN — COMMISSIONERS — AFFIDAVITS — ASCERTAINMENT OF DAMAGES.

On motion to confirm award of commissioners in condemnation proceedings, it was proper to file and consider affidavits of such commissioners to show principle upon which they ascertained damages.

2. SAME—DAMAGES—AFFIDAVITS OF COMMISSIONERS.

Affidavits of commissioners appointed by the probate court in condemnation proceedings may be used to impeach their finding as to damage sustained by property owner and show that they proceeded upon a wrong principle in ascertaining damages.

3. SAME—DAMAGES—PUBLIC USE OF PREVIOUSLY-ACQUIRED LAND.

Where the State had acquired land for use as right of way for highway but left a tree thereon and permitted defendants to

REFERENCES FOR POINTS IN HEADNOTES

[1] See 18 Am Jur, Eminent Domain, § 365.
[3] See 18 Am Jur, Eminent Domain, § 281.
[4] See 18 Am Jur, Eminent Domain, § 265.
[4] Compensation for diminution in value of remainder of land not taken resulting from taking or use of adjoining lands for same undertaking. 170 ALR 721.

use a part of it for a lawn, the subsequent removal of the tree and grading segment used as a lawn did not constitute a taking of the property of defendants upon which an award of damages could be predicated.

4. SAME—CONDEMNATION OF PART OF PARCEL—DIMINUTION OF VALUE OF REMAINDER.

When part of a parcel of land is condemned, just compensation does not include the diminution in the value of the remainder caused by the acquisition of the adjoining lands of others for the same undertaking.

5. SAME—REMAND—REDETERMINATION OF DAMAGES.

Where record in proceedings to condemn strip of land 67' deep and 745' along highway fails to show range of damages actually sustained by defendants because testimony as to damages embraced an erroneous basis of measurement, the cause is remanded to probate court for redetermination of just compensation.

6. COSTS—APPEAL—CONDEMNATION PROCEEDINGS.

No costs are allowed on the State's appeal in proceedings to condemn land for State highway purposes, a public question being involved.

Appeal from Cass Probate Court; Fields (George M.), Probate Judge. Submitted October 4, 1949. (Docket No. 9, Calendar No. 44,292.) Decided December 7, 1949.

Petition by Charles M. Ziegler, State Highway Commissioner, for condemnation of property for highway purposes. Award of commissioner for taking of property of Arthur W. Busch and wife confirmed. Petitioner appeals in nature of certiorari. Reversed and remanded for further proceedings.

*Stephen J. Roth,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *Eugene F. Townsend,* Assistant Attorney General, for petitioner.

*Jones & Theiss,* for defendants Busch.

Butzel, J.  The State highway commissioner has appealed from the confirmation by the probate court for the county of Cass of a condemnation award rendered by 3 commissioners appointed by that court. The State highway department undertook a project to improve a 5-mile span of State trunkline M–119 south of the village of Marcellus in Cass county and brought appropriate condemnation proceedings for that purpose.  A portion of the farm of defendants Arthur W. and Myrtle I. Busch was thus acquired. As the amount of compensation for the land taken could not be agreed upon, the court appointed 3 commissioners to appraise the damages, which they fixed at $2,500.  The highway commissioner moved to set aside the award but it was confirmed and payment ordered over his objections.  We allowed the appeal in the nature of certiorari.

The questions involved are, (1) whether through the application of improper principles of law, the commissioners awarded compensation for damages which were not compensable; and (2) should rehearing have been granted to receive testimony from the commissioners?

The Busch farm, covering 17 acres, abuts on the east side of M–119 with a highway frontage of 870 feet.  The north boundary of the farm coincides with the south boundary of the village.  The farmhouse is located in the southwest corner of the property, about 15 feet from the south boundary, and only 3 feet east of the existing right of way of the road. Prior to the widening of M–119 the defendants had maintained a lawn and a shade tree on the State owned right of way in front of their home.  The lawn was graded and the tree felled incident to the widening and reconstruction project.  The portion of their property that was taken was not in front of the house.  It was a strip comprising about 1.15 acres of partially flooded muck land, 745 feet in

length along the highway and 67 feet deep, running from the north border of their tract. It was acquired to deposit surplus muck collected while the construction of the highway was progressing. At the time of the hearing evidence was introduced showing that the amount of the surface water on the strip was greater than before the work began. It appears that the surface water is to be drained, the muck leveled off and the ditch run completed when the project is concluded. A narrower strip of land along M–119, adjoining the Busch land on the south, belonging to a neighbor's realty, was condemned for highway purposes. As a result the defendants' farmhouse is located on a 125-foot wide projecting portion of their property with State owned land on 3 sides of it.

Throughout the proceedings, over the objection of the petitioner, defendants contended that the award should include the damage to them resulting from the taking of the adjoining land of their neighbor to the south, from the removal of the tree and the grading of the portion of the old right of way almost immediately in front of their home, used by them as a lawn. The testimony of the witnesses as to the amount of injury sustained by the defendants from the condemnation was predicated on the belief that these were compensable items. Some of the witnesses did not know that there was no new acquisition of land in front of the house, but merely the utilization of that previously and still owned by the State. On June 2, 1948, 3 days after the filing of their report, 2 of the court commissioners signed separate affidavits, one of which contained an identification of the affiant and of the capacity in which he had acted in submitting the report and the following statement:

"Further affiant says that the sum of $2,500 set forth in said report for damages payable to Arthur W. Busch and Myrtle I. Busch, was determined by the court commissioners to result from the taking of an easement for highway purposes over lands adjoining that owned by Arthur W. Busch and Myrtle I. Busch, on the south, the removal of a large maple tree in front of the house and the grading of the land in front of the house, used by the respondents as a lawn.

"Affiant further says that the land described in the petition was of a nominal value only and that its taking from the respondents did not result in damage to the remainder; that if petitioner had not graded the land in front of the house as a lawn, removed the tree in front of the house and acquired the land for highway purposes from respondents' neighbor on the south, the damages would have been very little.

"Further affiant says not."

The other affidavit was identically worded with the exception that the first "not" in the middle paragraph was stricken, so that the paragraph read:

"Affiant further says that the land described in the petition was of nominal value only and that its taking from the respondents did result in damage to the remainder; that if petitioner had not graded the land in front of the house as a lawn, removed the tree in front of the house and acquired the land for highway purposes from respondents' neighbor on the south, the damages would have been very little."

Affidavits of all 3 commissioners, made at a later date, were introduced at the hearing on whether to confirm or set aside the report. These attempted to qualify and minimize the effect of the above quoted ones, but a careful consideration of the record leads to the conclusion that the first affidavits indicate an

accurate and correct exposition of a major basis of the award.

It was proper to file and consider these affidavits in deciding whether to confirm the commissioners' determination.

"The commissioners are not like a common-law jury, and their own affidavits may be used to impeach their finding, or show that they proceeded upon a wrong principle in the ascertainment of damages." *In re State Highway Commissioner*, 255 Mich 50, quoting with approval from *Marquette, H. & O. R. Co.* v. *Houghton Probate Judge*, 53 Mich 217. "The rule on which they act is a fact, and may be shown as any other fact." *Marquette, H. & O. R. Co.* v. *Houghton Probate Judge, supra.*

The State had a right to utilize the right of way it already owned for highway purposes by removing the tree thereon and grading the segment previously used by defendants as a lawn. These acts did not constitute a taking of the defendants' property and no award of damages may be predicated on them. The acquisition of title to this right of way by adverse possession was not claimed.

The defendants had no property rights in the land adjoining their farm on the south. The consequential damage inflicted by the taking of a portion of the neighbor's realty was clearly separable from that occasioned by the loss of the strip of their own tract. Had the road improvement project ended at the south boundary of defendants' farm, they could not have obtained redress for the depreciation in the value of their realty due to the proximity of the highway to the house. It was only for the taking of a part of their own land that they would be entitled to receive just compensation for the damage to the remainder, and the extent of recovery may not be thereby enlarged so as to include items otherwise

not compensable. *Campbell* v. *United States,* 266 US 368 (45 S Ct 115, 69 L ed 328). The general rule applied when part of a parcel of land is condemned is that just compensation does not include the diminution in the value of the remainder caused by the acquisition of the adjoining lands of others for the same undertaking. For a collection of authorities on this point, see 170 ALR 721.

The record does not enlighten us as to the range of damages actually sustained by the defendants, as most of the testimony regarding the extent of damages is fraught with this erroneous basis of measurement. It is likewise apparent that the determination of the commissioners was the result of the application of incorrect principles and must be set aside. *In re State Highway Commissioner,* 249 Mich 530.

In view of the above conclusion it is unnecessary to discuss the other question raised.

The award is set aside and the case remanded to the probate court for the county of Cass to proceed in proper manner to determine the just compensation in accordance with this opinion. No costs will be allowed as a public question is involved.

Sharpe, C. J., and Bushnell, Reid, North, Dethmers, and Carr, JJ., concurred with Butzel, J. Boyles, J., concurred in the result.