STATE HIGHWAY COMMISSIONER v. IOPPOLO.

1. EMINENT DOMAIN—HIGHWAYS—COMMISSIONERS—REHEARING.
A court which has appointed commissioners in a proceeding to condemn lands for highway purposes has the power and duty to refuse to confirm the award made and order a rehearing upon arriving at a conclusion that the hearing before the commissioners has been conducted improperly or has resulted in an unjust award.

2. SAME—HIGHWAYS—POWER OF COURT-APPOINTED COMMISSIONERS.
Court-appointed commissioners in proceedings to condemn land for highway purposes are not vested with arbitrary power, and, like common-law juries who try titles to land, are subject to supervisory control.

3. SAME—HIGHWAYS—APPOINTMENT OF NEW COMMISSIONERS.
Circuit court did not commit error in setting aside an award of $10,500 of 2 commissioners for .49 of an acre of land from which sand and gravel were mined, taken in proceedings to condemn such parcel and others for highway purposes, where third commissioner filed a separate report and appraised defendants' damages to be $35,500, and the 3 commissioners were examined and cross-examined at hearing on motions to confirm and to set aside the award, hence, matter is returned for appointment of new commissioners to determine damages for the parcel.

4. COSTS—PUBLIC QUESTION—COMMISSIONERS IN HIGHWAY CONDEMNATION PROCEEDINGS.
No costs are allowed on appeal in proceedings to condemn land for highway purposes, where circuit court declined to confirm award of majority of court-appointed commissioners, and ordered a rehearing before new commissioners, a public question being involved.

REFERENCES FOR POINTS IN HEADNOTES
[1-3] 18 Am Jur, Eminent Domain §§ 339, 365, 366.
Right of court to reduce or increase award in condemnation and confirm it as reduced or increased.  61 ALR 194.
[4] 18 Am Jur, Eminent Domain § 378.

Appeal from Macomb; Spier (James E.), J. Submitted April 10, 1962. (Docket No. 51, Calendar No. 49,114.) Decided May 18, 1962.

In the matter of the petition of John C. Mackie as State Highway Commissioner for condemnation of property, award of commissioners as to property of Leo Ioppolo and Angelina Ioppolo set aside and new commissioners ordered appointed. Plaintiff appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Eugene Krasicky,* Solicitor General, *Louis J. Caruso* and *Laurence A. Price,* Assistant Attorneys General, for plaintiff.

*Frank G. Giambrone* and *Louis M. Davis,* for defendants.

KELLY, J. This is an appeal from a Macomb county circuit court order setting aside an award of commissioners and ordering appointment of new commissioners. Appellant requests "that the order of the lower court dated April 8, 1960, be set aside and that the lower court be instructed to enter an order confirming the majority report of the court commissioners as to parcel C–4 and directing payment of the damages as specified therein."

Parcel C–4 contains 0.49 acre of land, and at the hearing evidence was presented that defendants Ioppolo were in the business of mining sand and gravel from this parcel.

Two State witnesses testified as to defendants' damages: One at $9,600 and the other at $8,250. The 2 witnesses for defendants testified that the damages to defendants would be $40,000.

Two commissioners appraised defendants' damages to be $10,500. The other commissioner (Cella,

who was chairman of the court commissioners) filed a separate report in which he appraised defendants' damages to be $35,500.

Appellant filed a motion to confirm the majority award. Defendants filed a motion to set aside the award and attached an affidavit of Chairman Cella claiming irregularities at the hearing, such as considering evidence of value received outside the hearing and not under oath and disbelieving defendants' witnesses because plaintiff's witnesses testified under a special oath and, therefore, were more worthy of belief.

The court ordered a hearing on the motions and attorneys for both the plaintiff and defendants examined and cross-examined the 3 commissioners in open court.

At the conclusion of this court hearing, the court allowed appellant's counsel 2 weeks to file briefs, after counsel had assured the court that the delay would not affect highway work as "the construction has been completed."

January 5, 1960, the court filed the following opinion:

"It is the opinion of the court that the motion to set aside the award of the commissioners should be granted and a rehearing ordered before new commissioners.

"The great variance between the majority reported and the minority reported, $10,500 as against $35,500, would furnish a just inference of unintentional partiality, bias, or prejudice due perhaps to having sat in other condemnation cases involving other property in that area or to some of the causes raised by defendants' counsel. Neither court nor counsel can have any way of determining just what weight a commissioner may give to testimony he has heard in other cases of adjacent property or to conversation with real estate dealers outside of the actual testimony, which other parcels may or may

not contain possible gravel deposits or other particular value as claimed by the defendants in the present parcel.

"An order should therefore be entered accordingly."

This Court has recognized not only the power but the duty of the lower court to refuse to confirm and order a rehearing upon arriving at a conclusion that the hearing before the commissioners has been conducted improperly or has resulted in an unjust award.

In *In re Owen and Memorial Parks in City of Detroit,* 244 Mich 377 (61 ALR 190), we held:

"If, in condemnation proceedings, the trial judge reaches the conclusion that the award is excessive, he may not reduce the award, and, as so reduced, confirm it, but he should refuse to confirm, and award a *venire de novo,* since, under the Constitution (1908), article 13, §§ 1, 2, the question of compensation as well as that of necessity is committed to the jury, and the right thus secured must be maintained in its entirety." (Syllabus.)

In *In re State Highway Commissioner,* 249 Mich 530, this Court held that commissioners are not vested with arbitrary power, and, like common-law juries who try titles to land, they are subject to supervisory control. In that case we said (p 533):

" 'Taking property by virtue of the right of eminent domain is a proceeding that ought to demand quite as careful oversight as the trial of any other case, for it deals with as important interests as any civil cause.' *Detroit & Toledo Shore Line R. Co. v. Campbell,* 140 Mich 384, 399.

"The award arrived at either by a jury or by commissioners appointed in condemnation cases may be set aside if it is found by the court that there has been fraud or misconduct upon the part of the jury or commissioners affecting the rights of the parties;

for gross errors or mistakes of the jury or commissioners; for the erroneous rejection or admission of testimony affecting the rights of the parties, for errors of such extraordinary character or grossness as furnish a just inference of the existence of undue influence, partiality, bias, and prejudice, or unfaithfulness in the discharge of the duty; when it is apparent to the court that the damages awarded are either inadequate or excessive (*Fort Street Union Depot Co.* v. *Backus*, 92 Mich 33); where the jury or commissioners acted on a wrong basis in estimating the damages (*Marquette, H. & O. R. Co.* v. *Probate Judge*, 53 Mich 217); or where the award of the jury or commissioners is based upon false principles and substantial justice has not been done in the premises. *Fort Street Union Depot Co.* v. *Backus, supra; Ontonagon R. Co.* v. *Norton*, 236 Mich 187."

Appellant contends: "The allegations in the affidavit and in the testimony by the chairman were definitely refuted by the other commissioners." Conceding this to be true, we keep in mind that the lower court had an advantage which is not ours, namely, of observing and hearing all 3 commissioners testify.

We do not conclude that the lower court erred, and the order of the lower court is affirmed and the matter returned to the circuit court for the purpose of appointment of new commissioners to determine damages for parcel C–4. No costs, a public question being involved.

CARR, C. J., and DETHMERS, BLACK, KAVANAGH, SOURIS, and OTIS M. SMITH, JJ., concurred.

ADAMS, J., did not sit.