STATE HIGHWAY COMMISSIONER *v.* WALMA.

1. EMINENT DOMAIN—DAMAGES—AWARD—CONFIRMATION.
   The circuit court may properly refuse to confirm an award of damages in condemnation proceedings, where the commissioners have acted on a wrong basis in estimating the damages.

2. SAME—CONDEMNATION OF PART OF TRACT—MEASURE OF DAMAGES.
   The measure of damages in condemnation proceedings where only a part of an owner's parcel of land is taken, is the difference between the market value of the entire tract before the taking and the market value of what is left after the taking.

3. SAME—CONDEMNATION OF PART OF TRACT—MEASURE OF DAMAGES—LIMITED ACCESS HIGHWAY—FENCING.
   Record presented in condemnation proceedings for the taking of a part of defendants' 1320' tract of land for a limited access highway, whereby 201.55' on 1 end was fenced off from access, *held* to justify the circuit court in denying confirmation of award and ordering the impaneling of new commissioners, where it is obvious the commissioners failed to measure the damages to the entire tract.

Appeal from Kent; Searl (Fred N.), J. Submitted March 7, 1963. (Calendar No. 83, Docket No. 49,792.) Decided April 5, 1963.

Condemnation proceedings by John C. Mackie, State Highway Commissioner, of property of Theodore Walma and Dorothy Walma. Determination of commission as to value of property set aside and

REFERENCES FOR POINTS IN HEADNOTES
[1] 18 Am Jur, Eminent Domain §§ 364–369.
[2] 18 Am Jur, Eminent Domain §§ 265–271.
[3] 18 Am Jur, Eminent Domain § 279.

order entered directing that new commission be impaneled for the purpose of assessing damages. Plaintiff appeals. Affirmed.

*Frank J. Kelley*, Attorney General, *Robert A. Derengoski*, Solicitor General, *Louis J. Caruso* and *Robert J. Taube*, Assistant Attorneys General, *Roger D. Anderson*, Special Assistant Attorney General, for plaintiff.

*Rhoades & Garlington (Dale W. Rhoades*, of counsel), for defendants.

KAVANAGH, J. The State highway commissioner appeals from a Kent county circuit court order setting aside a commissioners' award in a condemnation proceeding.

The trial judge granted defendants' petition for an order setting aside the commission determination and asking the impaneling of new commissioners to determine the damages as a result of the taking by the highway department.

The taking was a limited access taking at the corner of former US 16 and 28th street in Kent county, and consisted of fencing off the access to the easterly 201.55 feet of a total frontage of 1,320 feet owned by defendants.

Three appraisers testified as to the before and after value. The difference in amount ranged from $20,000 to $1,000, with a middle opinion of $17,800. The 3 commissioners entered a unanimous award in the amount of $1,800.

One of the appraisers testified that the east 150 feet in its present state would be practically valueless for commercial use. All 3 appraisers agreed that commercial use was the best use for the property in this area. The reason the one appraiser con-

sidered the 150 feet to be valueless was that it was extremely low and it would cost an estimated $10,000 in order to fill it up to a level where it could be used for a commercial purpose. He testified the before and after value would not change appreciably if the $10,000 cost of the fill were considered. He therefore estimated the damage to the 201 feet to be $1,000 without considering the question of damage to the remaining frontage. The other 2 appraisers concluded that the 150 feet considered as part of the entire frontage had commercial value prior to the taking. They arrived at their damage estimate by determining that the fill would be taken from an adjacent knoll located on the 1,320-foot strip, thereby leveling the entire frontage. The cost of the fill by this method of computation is, therefore, apportioned to the full 1,320 feet of defendants' frontage and not allocated entirely to the 150 feet.

The trial court reasoned that the commission considered the 201 feet alone without giving consideration to the fact the defendants owned land immediately to the west, from which the fill for the east 150 feet would be taken, thereby accepting the view of the 1 appraiser that the easterly 150 feet had no commercial value prior to the taking. The court held the commission erred in not awarding compensation measured by the amount to which the value of the entire 1,320-foot frontage was diminished by the taking of the 201 feet.

Plaintiff contends that since the award was well within the fair range of the testimony and the court had obviously substituted its judgment for that of the commissioners, the award should not be set aside. Plaintiff also contends the record does not support the finding of the circuit court that the award was based upon an incorrect principle of law.

There can be no question about the right of the circuit court to refuse to confirm an award in a

condemnation case upon arriving at a conclusion that the hearing before the commissioners had been conducted improperly, resulting in an unjust award, or that the jury or commissioners had acted on a wrong basis in estimating the damages. Under such circumstances it is the duty of the circuit judge to refuse to confirm. See *State Highway Commissioner* v. *Ioppolo,* 366 Mich 487, and cases therein cited.

In the instant case the trial judge concluded that the commissioners acted on a wrong basis in esti-. mating the damages. Relying upon the transcript of the record, the judge came to the conclusion the issue decided by the commissioners was the amount of damages to the easterly 201 feet and possibly only to the easterly 150 feet of defendants' property. He concluded the commissioners should have taken into consideration the damages to the 1,320 feet by reason of the fencing.

The trial court relied upon the following rule set forth in *In re Widening of Fulton Street,* 248 Mich 13, 21 (as *City of Grand Rapids* v. *Barth,* 64 ALR 1507), quoting from 20 CJ, Eminent Domain, § 189, pp 730–732, which applies where part of a tract is taken:

"The measure of damages is the injury done to the fair market value of the entire tract by the taking of only a part. In other words the owner is entitled to recover the difference between the market value of the entire tract before the taking and the market value of what is left after the taking."

From an examination of the record, we reach the same conclusion as the trial court insofar as the failure of 1 of the appraisers to properly apply the law in arriving at the before and after value. In view of the fact that his estimate was only $1,000 and the 2 other appraisers estimated from $17,000 to $19,000 higher, it is apparent the effect such an

erroneous application of the rule had on the award of the commissioners.

We conclude, therefore, the lower court did not err. The order of the lower court is affirmed. Defendants shall have costs.

CARR, C. J., and DETHMERS, KELLY, BLACK, SOURIS, OTIS M. SMITH, and O'HARA, JJ., concurred.