STATE HIGHWAY COMMISSIONER v. SABO.

1. EMINENT DOMAIN—PARTIAL TAKING—MEASURE OF DAMAGES.
   The measure of damages in condemnation proceedings where only a part of an owner's parcel of land is taken, is the difference between the market value of the entire tract before the taking and the market value of what is left after the taking.

2. SAME—PARTIAL TAKING—DAMAGES—BENEFITS.
   Benefits which accrue to the land, remaining after a partial taking in proceeding for condemnation of land for widening of a highway, cannot be considered so as to reduce the amount of damages, in the absence of statutory authority.

REFERENCES FOR POINTS IN HEADNOTES
[1, 4]  27 Am Jur 2d, Eminent Domain § 269.
[2, 3]  27 Am Jur 2d, Eminent Domain § 358.
      Deduction of benefits in determining compensation or damages in eminent domain. 145 ALR 7.

3. SAME—MEASURE OF DAMAGES—BENEFITS—PARTIAL TAKING.

    Ruling of trial court permitting jury to consider testimony of State's witnesses which reflected the increase in value or benefits accruing to the remaining land after a partial taking in proceedings for condemnation of land for widening of a highway *held*, improper.

4. SAME—MEASURE OF DAMAGES—PARTIAL TAKING—L-SHAPED LAND.

    The measure of damages in proceeding for condemnation of land for widening of a highway where a portion only of defendant's L-shaped land is being taken is the difference between the value of the same piece of land with the same street in front of it, not widened, with a depth of 247 feet, and the value of that same land, with the street not widened, with a depth of 120 feet, notwithstanding frontage on street widened was increased from 99 feet to 204 feet.

Appeal from Wayne; Fitzgerald (Neal), J. Submitted Division 1 December 8, 1965, at Detroit. (Docket No. 548.) Decided September 27, 1966.

Petition by State Highway Commissioner for condemnation and acquisition of property of John Sabo and Julia Sabo. Verdict of jury of no recovery confirmed. Defendants appeal. Reversed and remanded for new trial.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Louis J. Caruso* and *Robert J. Taube,* Assistant Attorneys General, for the Highway Department.

*Harry F. Vellmure* and *Victor T. Mitea,* for defendants.

J. H. GILLIS, J. Although the late Judge WATTS heard oral arguments on the above matter, he took no part in the decision in this case.

This case involves a petition by the State highway commissioner to condemn land for the purpose of

widening Telegraph road pursuant to PA 1911, No 149, as amended, CL 1948, §§ 213.21 to 213.41 (Stat Ann 1958 Rev §§ 8.11 to 8.31). Among the properties condemned was the property in question owned by defendants, John Sabo and his wife, Julia Sabo.

Prior to the partial taking by the State, defendants' "L" shaped land had a frontage of 99 feet on Telegraph road extending to a depth of 247 feet. The land also had a frontage of 148 feet on Goddard road. Defendants did not own a corner lot prior to the taking. (See diagram, p 296.)

After the taking, defendants' remaining land formed the new corner and had a frontage of 204 feet on Telegraph road with a depth of 120 feet. The Goddard road frontage was reduced to 120 feet.

Expert testimony was introduced during the trial by the State which set the value of defendants' land after the taking as greater than the value of the entire parcel prior to the taking. This testimony was objected to by defendants but the objections were overruled by the trial court.

The defendants' expert witness testified that the property was worth less after the taking.

The court refused to instruct the jury, as requested by defendants, that in the absence of express statutory authority no benefit, general or special, can be offset either against the value of the land taken or against the damages to the remaining land.

After a finding by the jury of "no recovery," defendants filed a motion for a new trial which was denied by the trial court. From the order confirming the verdict, defendants appeal.

The salient question raised by this appeal may be stated as follows: In the absence of express statutory provisions, may benefits accruing to the remaining land be considered by the jury in the meas-

urement of damages in proceedings for condemnation of part of a tract of land for highway purposes?

Defendants contend that the trial court erred in permitting the condemnation jury to consider benefits which accrued to the land remaining after the partial taking in the determination of damages. We agree.

The rule which applies whenever there has been a partial taking of a tract was recently set forth in *State Highway Commissioner* v. *Walma* (1963), 369 Mich 687, 690, citing from *In re Widening of Fulton Street* (1929), 248 Mich 13, 21 (as *City of Grand Rapids* v. *Barth,* 64 ALR 1507):

" 'The measure of damages is the injury done to the fair market value of the entire tract by the taking of only a part. In other words the owner is entitled to recover the difference between the market value of the entire tract before the taking and the market value of what is left after the taking.' "

However, benefits which accrue to the land, remaining after a partial taking, cannot be considered so as to reduce the amount of damages unless expressly authorized by statute. *State Highway Commissioner* v. *Breisacher* (1925), 231 Mich 317; *Plantenga* v. *Grand Rapids Terminal R. Co.* (1916), 190 Mich 661; *Detroit, Bay City & Western R. Co.* v. *First National Bank of Yale* (1917), 196 Mich 660.

The parties have stipulated that the instant proceedings were brought under and controlled by PA 1911, No 149, as amended, CL 1948, §§ 213.21 to 213.41 (Stat Ann 1958 Rev §§ 8.11 to 8.31). This act, or the amendments thereto, makes no provision for the offsetting of benefits against damages. It was therefore improper for the trial court to permit the jury to consider the testimony of the State's witnesses which reflected the increase in value or

benefits accruing to the remaining land after the partial taking.

The trial court also erred in failing to instruct the jury, as requested by the defendants, that it may not offset benefits to the remaining land against damages for the land taken. In the case of *In re Widening of Fulton Street, supra,* at page 18, the Supreme Court cited with approval the following instructions of the trial court:

" 'The measure of damages of the land that is taken is not the value of the 16-foot strip considered by itself alone. The measure of damages is the difference between the value of the property as it now is, with nothing taken, and the property with 16 feet taken from its front, and without taking into consideration any benefit to the property that remains, accruing by reason of the widening of the street. In other words, if the land were now 100 feet deep —which seems to be the figure that has been taken for convenience—and 16 feet of it were taken, the measure of damages would be the difference between the value of the same piece of land with the same street in front of it, not widened, with a depth of 100 feet, and the value of that same land, with the street not widened, with a depth of 84 feet. Now that is the rule of damages.' "

Reversed and remanded for a new trial. Costs to appellants.

BURNS, J., concurred.