STATE HIGHWAY COMMISSION v MINCKLER

1. EMINENT DOMAIN—CONDEMNATION—PARTIAL TAKING—VALUATION
   —FORMULA.

   The value of a parcel of land taken from a larger parcel for public purposes by condemnation is determined by subtracting the fair market value of the parcel remaining after condemnation from the fair market value of the entire parcel prior to condemnation; fair market value is found by considering and evaluating all of the factors and possibilities that would have affected the price which a willing buyer would have offered to a willing seller under the circumstances.

2. EMINENT DOMAIN—CONDEMNATION—JUST COMPENSATION—DETERMINATION—DISCRETION.

   Property owners are entitled to just compensation for their loss of property taken for public purposes by condemnation; the determination of fair compensation in each case is a matter for discretion and sound judgment based on the facts peculiar to each case.

3. EMINENT DOMAIN—CONDEMNATION—JUST COMPENSATION—VALUATION—ZONING CHANGES—REASONABLE POSSIBILITY.

   The reasonable possibility of a zoning change should be considered to the extent to which it affects a willing buyer's offering price in determining the value of condemned property; however, the possibility of a zoning change is far too remote and speculative to be a proper consideration, and estimates based upon and testimony concerning the possibility of such a zoning change are inadmissible, where there is no pending zoning change, there is not even a petition for a zoning change and the land is zoned consistent with nearby similarly situated uses.

REFERENCES FOR POINTS IN HEADNOTES
[1] 27 Am Jur 2d, Eminent Domain § 269.
[2, 4] 27 Am Jur 2d, Eminent Domain § 150 *et seq.*
[3] 27 Am Jur 2d, Eminent Domain § 277.
   Zoning or other governmental regulations as to use of property as a factor in determination of damages in eminent domain. 173 ALR 265.

4. EMINENT DOMAIN—CONDEMNATION—COMPENSATION—PECULIAR
    VALUES—OWNERS.

    No account should be given when determining the amount of
    compensation for property taken by condemnation to the val-
    ues or necessities peculiar to the owner of the property.

Appeal from Kalamazoo, Donald T. Anderson, J.
Submitted Division 3 May 6, 1975, at Grand Rap-
ids. (Docket No. 19760.) Decided June 23, 1975.

Petition by the State Highway Commission,
plaintiff, against Edgar G. Minckler and Fern R.
Minckler for condemnation of private property for
highway purposes. Judgment for plaintiff. Defend-
ants appeal. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *Louis J. Caruso* and
*Janis Meija,* Assistants Attorney General, and
*Thomas D. Carey,* Special Assistant Attorney Gen-
eral, for plaintiff.

*Deming, Hughey, Benson & Huff* (by *Richard M.
Hughey* and *Jack Keiser),* for defendants.

Before: R. B. BURNS, P. J., and BASHARA and
M. J. KELLY, JJ.

R. B. BURNS, P. J. The Michigan State Highway
Commission, pursuant to the provisions of MCLA
213.361(1) *et seq.;* MSA 8.261(1) *et seq.,* filed a
petition for condemnation of private property in
the City of Kalamazoo, one parcel of which was
owned by defendants. At trial, the defendants'
parcel was found, by a jury, to have a market
value of $29,125, and a judgment for that amount
was entered for defendants. Defendants appeal and
we affirm.

Defendants' property is located near the inter-

section of interstate highway I-131 and Michigan highway M-43. The land is zoned for commercial uses only. While defendants' entire parcel contained 4.62 acres, plaintiff only sought .34 acres of it, leaving defendants with a remaining 4.28 acres of the original parcel. Plaintiff originally assessed the value of the condemned property at $33,000 and advanced this amount to defendants prior to trial. However, at trial, plaintiff's expert witness estimated the land's fair market value as $29,125 by subtracting his estimated fair market value for defendants' parcel after condemnation from his estimated fair market value of the parcel prior to condemnation. In short, the expert used the "before and after" method of appraisal which has long been approved in Michigan. *In re Widening of Fulton Street,* 248 Mich 13; 226 NW 690 (1929), *State Highway Commissioner v Sabo,* 4 Mich App 291; 144 NW2d 798 (1966).

Defendants presented two experts who used the same method but reached dramatically different conclusions. The first expert, a Mr. Lund, estimated that the "before value" of the parcel was $300,000 as commercial property and the "after value" was $154,125 as residential property. His low estimate of the "after value" was based on his belief that the land would not be developed commercially due to opposition from local residential landowners. He believed this opposition could prevent the land from being used commercially. While this consideration would appear to affect the land's value regardless of the condemnation proceedings, the expert applied it to minimize only the land's "after value". This testimony was stricken on plaintiff's motion after plaintiff showed that the land was zoned for commercial uses only, that nearby similarly situated land was being

successfully used commercially, and that there were platting restrictions prohibiting the use of the land for residential purposes. The witness was allowed to give another estimate on a different basis.

The testimony of defendants' second expert was also stricken. That witness allowed the fact that defendants owned adjoining residential property that would be adversely affected by the commercial development of the parcel involved in the condemnation to affect his estimate of the "after value". He did not let this consideration affect his estimate of the "before value".

The land was found to be worth $29,125 and defendants were ordered to return the difference between the advanced payment and the judgment to the plaintiff.

Defendants contend that the trial judge erroneously struck the testimony of their experts, thereby preventing the jury from considering all the evidence relevant to the determination of the loss they have suffered due to the public taking. Defendants are entitled to just compensation for their loss, *In re John C Lodge Highway,* 340 Mich 254; 65 NW2d 820 (1954), and if this was denied them because crucial evidence was kept from the jury, we would reverse the trial judge. However, the determination of what would be fair compensation in each case is not a matter of formulas or artificial rules; it is a matter for discretion and sound judgment based on the facts peculiar to each case. *In re Widening of Gratiot Ave,* 294 Mich 569; 293 NW 755 (1940), *In re Widening of Bagley,* 248 Mich 1; 226 NW 688 (1929). While there are no rules which will allow an easy mechanistic solution here, this is not to say that Michigan courts are without standards that limit

the scope of inquiry when determining compensation questions. In cases, like the present one, where there is a partial taking, just compensation is measured by the amount that the value of the remainder of the parcel has been diminished. *In re Widening of Fulton Street, supra, Johnstone v Detroit, G H & M R Co,* 245 Mich 65; 222 NW 325 (1928). This loss is usually expressed in terms of the diminution of the fair market value of the remainder of the property. *State Highway Commissioner v Sabo, supra.* And, fair market value is found by considering and evaluating all the factors and possibilities that would have affected the price which a willing buyer would have offered to a willing seller for the land under the circumstances. *US v Miller,* 317 US 369, 374; 63 S Ct 276, 280; 87 L Ed 336, 343 (1943), *State Highway Commissioner v Eilender,* 362 Mich 697, 699; 108 NW2d 755, 756 (1961).

Defendants believe that the local opposition to commercial development would have affected the fair market value of the land. Their first expert, Mr. Lund, testified that local groups were considering initiating attempts to have the land rezoned to permit only residential uses. Defendants rely on *Eilender, supra,* to support their claim that these facts should have been considered by the jury. Their reliance on *Eilender* is misplaced. The *Eilender* case revolved around the question of how does a pending zoning change affect the value of condemned land. The state's appraisers did not consider the pending change at all while Eilender's appraiser did. The Court held that the *reasonable* possibility of a zoning change should be considered to the extent to which it would have affected a willing buyer's offering price. But the possibility of a zoning change is not nearly as likely in the

present case as it was in *Eilender, supra.* Here,
there is no pending zoning change; there is not
even a petition for one. The land is presently
zoned, platted, and ideally suited for commercial
use. And, the land's present commercial zoning is
consistent with nearby similarly situated uses.
*Eilender, supra,* involved a factual situation that
was just the opposite of the present one. The
possibility of a zoning change is far too remote and
speculative to be a proper consideration for valu-
ing the property in the present case; a private
purchaser would not give substantial consideration
to it. *Hietpas v State,* 24 Wis 2d 650; 130 NW2d
248 (1964), *Williams v Denver,* 147 Colo 195; 363
P2d 171 (1961), *City of Euclid v Lakeshore Co,* 165
Ohio St 501; 60 Ohio Ops 460; 137 NE2d 750
(1956), *cert den* 352 US 1025; 77 S Ct 590; 1 L Ed
2d 597 (1957). The trial judge was entirely correct
when he held that estimates based upon and testi-
mony concerning the possibility of a zoning change
were inadmissible. *In re Parkside Housing Project,*
290 Mich 582; 287 NW 571 (1939), *Long Beach City
H S Dist v Stewart,* 30 Cal 2d 763; 185 P2d 585;
173 ALR 249 (1947), *City of Austin v Cannizzo,* 153
Tex 324; 267 SW2d 808 (1954).

Defendants' second expert, Mr. Cannon, based
his appraisal, in part, upon the fact that the
defendants owned several nearby lots that would
be adversely affected by the commercial develop-
ment of the parcel involved in this controversy.
Michigan has no precedent directly resolving the
question. However, when determining the amount
of compensation, or the market value of the prop-
erty taken, no account should be given to the
values or necessities peculiar to the owner. *In re
Jeffries Homes Housing Project,* 306 Mich 638,
651–652; 11 NW2d 272, 276 (1943), *US v Miller,*

*supra,* at 376–377; 63 S Ct at 281–282; 87 L Ed at 344. In other words, defendants are to be compensated for the loss of the land and not for the loss of their particular use for it, as well. *Omnia Commercial Co v US,* 261 US 502; 43 S Ct 437; 67 L Ed 773 (1923). The trial judge properly struck the testimony of Mr. Cannon.

We have reviewed the defendants' other grounds for appeal and find them meritless.

Affirmed.