STATE HIGHWAY COMMISSION v HAEHNLE

1. EMINENT DOMAIN—ZONING CHANGES—CONDEMNATION VALUATION
—REASONABLE POSSIBILITY.

The possibility that a zoning classification will be changed must
be a "reasonable possibility" before it will be considered in
arriving at a proper value to be paid for condemned property;
the possibility of rezoning must be more than remote before the
court can consider it.

2. EMINENT DOMAIN—ZONING CHANGES—INSTRUCTIONS TO JURY—
VALUATION.

A jury instruction in a land condemnation case which requires a
"real probability" at the time of the taking that the property
could be rezoned before the effects of rezoning on the value of
the property can be considered is erroneous.

3. EMINENT DOMAIN—INSTRUCTIONS TO JURY—ZONING CHANGES—
VALUATION.

A jury instruction which requires a property owner to prove that
a potential purchaser would have enjoyed a profit from the
land after rezoning before the effects of rezoning could be
considered in the valuation of the property is erroneous.

Appeal from Jackson, John C. Dalton, J. Submitted March 3, 1976, at Lansing. (Docket No. 19647.) Decided May 28, 1976.

Petition by the State Highway Commission, plaintiff, against Winthrop and Janet Haehnle for condemnation of private property for highway purposes. Judgment for plaintiffs. Defendants appeal. Plaintiffs cross appeal. Reversed.

*Frank J. Kelley,* Attorney General, *Robert A.*

REFERENCE FOR POINTS IN HEADNOTES
[1–3] 82 Am Jur 2d, Zoning and Planning § 20.

*Derengoski,* Solicitor General, *Louis J. Caruso* and *George J. Platsis,* Assistants Attorney General, for plaintiff.

*Kenneth B. Johnson,* for defendants.

Before: D. F. WALSH, P. J., and J. H. GILLIS and R. M. MAHER, JJ.

PER CURIAM. The Haehnle's appeal from a jury verdict awarding them $45,000 as just compensation for land the State Highway Commission took from them in order to expand I-94. Many issues are raised for our consideration, and one of them necessitates reversal.

Error is alleged to have occurred in the judge's instructions to the jury. An analysis of these instructions reveals that the jury was told that in order to consider the effects of rezoning on the value of defendants' property, it was necessary that there be a "real probability" that defendants' property could have been rezoned at the time of taking. The jury was also instructed that in order to consider the effects of rezoning, defendants had to prove that the rezoning would have increased the value of the land in the eyes of a potential purchaser, and that the potential purchaser would have enjoyed a profit from the rezoned land, had he bought it. We believe these instructions to be erroneous.

In *State Highway Commissioner v Eilender,* 362 Mich 697, 699; 108 NW2d 755 (1961), our Supreme Court set the following standard for a jury in considering the effect of possible rezoning:

"But, on the other hand, it has been held, 'if there is a *reasonable possibility* that the zoning classification

will be changed, this possibility should be considered in arriving at the proper value.' " (Emphasis supplied.)

While the trial judge was correct in instructing that the possibility of rezoning must be something more than remote, see *State Highway Commission v Minckler*, 62 Mich App 273; 233 NW2d 527 (1975), we think that his "real probability" instruction set defendants' burden of proof too high under the existing standard announced in *Eilender, supra*. Furthermore, the question of whether a potential buyer of the rezoned property would make a profit from the land once he bought it is irrelevant. See, *In re Petition of the City of Detroit for a Park Site*, 227 Mich 132, 138–139; 198 NW 839 (1924).

Our decision on this issue renders other allegations of error moot. We do note, however, that defendants will now have another chance to show that the state failed to make a "good faith" offer as required by MCLA 213.366; MSA 8.261(6).

Reversed. Costs to appellants.