0251

The HOUSING AUTHORITY OF the CITY OF CHARLESTON, Respondent, v. Faye R. OLASOV, Appellant.

(320 S. E. (2d) 478)

Court of Appeals

604

*William L. Runyon, Jr.*, Charleston, *for appellant.*

*J. C. Hare* and *Stephen T. Schachte* of *Legare, Hare & Smith*, Charleston, *for respondent.*

Submitted June 20, 1984.

Decided Sept. 5, 1984.

CURETON, Judge:

This is an appeal of a condemnation award. On September 1, 1981, the Housing Authority of the City of Charleston (Housing Authority) filed its petition for condemnation of two lots of land owned by appellant Faye R. Olasov (landowner). A board of condemnation (Board) was appointed by the circuit court to determine just compensation for the property. The Board found that the value of the property was $18,000. The landowner appealed the award to the circuit court.[1] No jury trial was requested by either party. Thus, the appeal was heard by the circuit court upon the written record taken before the Board in accordance with Code Section 31-3-470. The trial judge confirmed the award of the Board and the landowner appealed. We affirm.

The landowner argues on appeal that the trial court (1) should have reversed or modified the Board's decision or should have remanded the matter to the Board because the evidence does not support the amount of the award, (2) utilized the incorrect standard of review in confirming the award and (3) should not have confirmed the Board's report of the award as a matter of law since it did not contain appropriate findings of fact. Finally, the landowner urges this Court to reverse the decision of the trial court because it, too, does not contain adequate findings of fact.

The evidence presented to the Board consisted of the testimony of two witnesses presented by the Housing Authority and three by the landowner. The Housing Authority's first witness testified simply to matters regarding compliance by the Housing Authority with the statutes and ordinances regarding the condemnation. The Housing Authority's second witness, a MAI appraiser, testified he had appraised the property using the comparable sales approach and arrived at a value of $15,000 as of September 9, 1981.[2] The landowner, on

---

[1] The record does not contain the basis for the landowner's appeal. The only hint we have is the provision in the trial judge's order: "This matter involves an appeal by the Respondent [landowner] herein from an award fixing the true value of the real estate."

[2] The Board met on September 9, 1981, and rendered its report on September 22, 1981.

the other hand, presented no expert real estate appraiser. Her first witness was Alfred Ray, a real estate agent of two years experience, who testified that he had not appraised the lots, but in April, 1981, he received an offer to purchase one of the lots for the sum of $16,500, contingent upon obtaining permission to move a building from another location to the lot. Mr. Ray testified that the client lost interest in purchasing the lot when he learned of the proposed condemnation by the Housing Authority. Mr. Ray also testified that he knew of several lot sales in the area and the least expensive sale he knew of was for $12,000. He could not compare the size of the $12,000 lot with the lot being condemned.

Mr. Olasov, husband of the landowner, testified that he was familiar with the increase in value of real estate in the area resulting from the restoration of old properties and estimated that the property was worth between $35,000 and $40,000. Finally, the landowner presented the testimony of Mr. Scott, a property owner in the area, who testified that a house near the condemned lot recently sold in its "unrestored" state for $45,000. He further testified that he had purchased a similar house and lot in the area, about three years prior to the hearing, for $15,000. He suggested that the real estate values had tripled in the area over the three year period preceding the Board hearing due primarily to restoration of properties in the area.

Applying the standard of review utilized by circuit courts in reviewing awards of the Industrial Commission, the trial judge entered an order which, in pertinent part, reads as follows:

> The Court finds no error of law or fact contained in the record taken by the Condemnation Board. This Court cannot weigh this evidence but in absence of error, may only determine whether or not there was sufficient evidence to substain [sic] these Findings. This Court finds that there is ample evidence to substain [sic] the Findings of the Condemnation Board and this Court has not [sic] authority to substitute its own judgment for that of the Condemnation Board. This point has been decided countless times by the Supreme Court of this state. (citations omitted.)

> This Court having found that the record in this case

contains ample evidence to support the Findings of the Condemnation Board and that no error in law has been committed herein, now, therefore, it is ordered . . . that the appeal of the Respondent herein be and is hereby dimissed. . . .

The landowner argues that the use of the term "ample evidence" by the trial judge demonstrates he utilized the wrong standard of review in confirming the Board's award. She urges use of the substantial evidence standard of the Administrative Procedures Act. We disagree.[3] As stated in *Rice v. South Carolina Department of Highways and Public Transportation*, 277 S. C. 495, 289 S. E. (2d) 645 (1982), little guidance is available to the bench and bar for the conduct of court review of condemnation proceedings. We have been unable to locate a rule of court, case law or a statute that describes the standard of review to be employed by a court in reviewing an award of a municipal housing authority's condemnation board.

It is generally recognized that the findings of a condemnation board are entitled to great weight, are prima facie correct and should be confirmed unless found to be based upon unlawful procedure, erroneous principles of law or cannot be supported by *any* reasonable view of the evidence. *State Highway Commissioner v. Foster*, 216 Va. 745, 222 S. E. (2d) 780 (1976); *City of St. Louis v. Union Quarry and Construction Co.*, 394 S. W. (2d) 300 (Mo. 1965); *Mackie v. Walma*, 369 Mich. 687, 120 N. W. (2d) 833 (1963); 27 Am. Jur. (2d) *Eminent Domain* Section 471 (1966); 30 C.J.S. *Eminent Domain* § 307 (1965); *see also Walker v. City Council of Charleston*, 1 Bailey 443, 8 S. C. Eq. 226 (1831). We think that the general rule set out above is sound and hereby adopt that standard as being appropriate for court review of a municipal housing authority condemnation board award. Applying this standard to the facts of this case, we find no error in the trial court's use of the term "ample evidence." "Ample" connotes sufficient.

---

[3] A municipal housing authority condemnation board is not a state agency as defined in Section 1-23-310(1), Code of Laws of South Carolina, 1976 (Cum. Supp. 1983), thus the Administrative Procedure Act is inapplicable to such proceedings.

We now review the other assignments of error based upon the standard of review adopted. First, the landowner claims the trial judge should have reversed, modified or remanded the Board's award because the evidence does not support the award. She specifically claims that the Board relied on the appraisal of the Housing Authority's expert appraiser which appraisal was based on data over two years old. She further asserts that the 1981 offer to purchase one of the lots for $16,500 shows that the $18,000 award was grossly inadequate.

We note first that the record on appeal does not support the assertion that the Board relied exclusively upon the testimony of the expert appraiser. Secondly, a condemnation board may exercise its own judgment upon the evidence and a viewing of the property. *State Highway Commissioner v. Frazier,* 214 Va. 556, 203 S. E. (2d) 350 (1974); *Dueitt v. Harris County,* 249 S. W. (2d) 636 (Tex. Civ. App. 1952); *Cade v. U. S.,* 213 F. (2d) 138 (4th Cir. 1954); *see also South Carolina State Highway Department v. Townsend,* 265 S. C. 253, 217 S. E. (2d) 778 (1975). Thirdly, even if the Board based its award upon the expert appraiser's testimony, we cannot say that was error. The MAI appraiser testified that while his comparables were over two years old, he made adjustments for the passage of time and that $18,000 represented the value of the property as of September 9, 1981.

The landowner was entitled to the fair market value of her property at the time of the taking, not its speculative value. *South Carolina State Highway Department v. Miller,* 237 S. C. 386, 117 S. E. (2d) 561 (1960); *U. S. v. Twin City Power Co.,* 248 F. (2d) 108 (4th Cir. 1957), *cert. denied,* 356 U. S. 918, 78 S. Ct. 702, 2 L. Ed. (2d) 714 (1958). Fair market value is the price which a willing buyer will pay a willing seller, neither being under compulsion to buy or sell and both being fully informed of all uses to which the property is adopted and for which it is capable of being used. *South Carolina National Bank v. McLeod,* 256 F. Supp. 913 (D. S. C. 1966); *Reid v. Reid,* 280 S. C. 367, 312 S. E. (2d) 724 (1984); *Laurel, Inc. v. Commissioner of Transportation,* 180 Conn. 11, 428 A. (2d) 789 (1980); *Martens v. Alaska,* 554 P. (2d) 407 (Alaska 1976); *see also, South Carolina Highway Department v. Bolt,* 242 S. C. 411, 131 S. E. (2d) 264 (1963); 27 Am. Jur. (2d) *Eminent Domain* Section 267 (1966). The valuation of $18,000

falls well within the range of values testified to by the witnesses. We think the award is supported by both the "any" evidence standard and the "substantial" evidence standard. *See Lark v. Bi-Lo, Inc.*, 276 S. C. 130, 276 S. E. (2d) 304 (1981).

Finally, the landowner urges reversal of the trial court's order because it contains no findings of fact, and confirms the Board's report which also contained inadequate findings of fact. We discuss first the requirement that the Board's report contain findings of fact. Code Section 31-3-470 provides:

> . . . .
>
> The Board of Condemnation, after hearings, shall forthwith file its findings as to the true value of the property, shall set out the interest which is to be acquired by the authority and the price to be therefor, . . . and shall have a copy of the findings served upon the authority . . . .

The report of the Board provided:

> After hearing testimony of all witnesses for the Petitioner and the Respondent the Board of Condemnation finds as follows:
> 1. That the current true value of this property is Eighteen Thousand and no/100ths ($18,000.00) Dollars.
> 2. That the Housing Authority of the City of Charleston is to acquire fee simple absolute title to this property and shall pay the price of $18,000.00 for this property.

While the report was less detailed than advisable, we think it complied with the statute.

Relative to the circuit court's failure to make findings of fact regarding just compensation, we observe that the trial court was not the fact finder, but rather that was within the province of the condemnation board. The landowner had the option of obtaining a trial *de novo* before the circuit court by simply requesting one. This she failed to do and thus cannot now complain that the trial judge did not make specific findings of fact. We are cognizant of the requirements of Code Section 15-35-110 which states that where the judge tries a law case without a jury, he "shall" state the facts found and conclusions of law separately. Even if this code section is applicable to this case, we find no error. Our

Supreme Court has indicated in several cases that the requirement to find facts separately becomes mandatory only when requested, otherwise it is directory. *May v. Cavender*, 29 S. C. 598, 7 S. E. 489 (1888); *Briggs v. Briggs*, 24 S.C. 377 (1885); *Bouknight v. Brown*, 16 S. C. 155 (1881). We see no prejudice to the landowner from the form and contents of the trial judge's order. His function on appeal was to ascertain whether the Board's award was based on unlawful procedure, erroneous principles of law or unsupported by the evidence. While he does not discuss the evidence in his order, he obviously reviewed the evidence and found the award to be supported by a reasonable view of the evidence. We find no error.

Accordingly the order of the trial court is affirmed.

Affirmed.

SHAW, and BELL, JJ., concur.