DEPARTMENT OF TRANSPORTATION v ROSSI

Docket No. 87264. Submitted June 19, 1986, at Detroit. Decided November 4, 1986.

Petitioner, Michigan Department of Transportation, petitioned the Oakland Circuit Court to condemn property owned by respondents, Al and Lois Rossi, John Bologna, Raymond and Dulce Sequin, and George and Delores Smith, for the purpose of improving M-59 in Oakland County. The property sought to be condemned is the entire frontage of respondents' property along M-59 to a depth of 150 feet, constituting approximately 9.55 acres of the entire 123.02 acre parcel. The character of respondents' property is unchanged by the taking in that petitioner has not acquired or extinguished respondents' right of access to the remainder of the parcel, respondents' property remains in a shape similar to that of the property before the taking, the only alteration being a slight reduction in the depth of the property, and the length of frontage along M-59 remains the same. The parcel is unimproved with the exception of a farm house and barn located on a portion unaffected by the taking. The parties subsequently determined that there were no genuine issues of material fact since the respondents accepted the appraiser's valuation while challenging the before and after method of valuation used by the appraiser. Petitioner moved for a summary judgment. The trial court, Frederick C. Ziem, J., having previously ruled that the before and after method of valuation was proper, granted summary judgment and awarded respondents $22,000 for the value of the property taken. Respondents appeal challenging the trial court's use of the before and after method of valuation.

The Court of Appeals *held:*

1. The before and after method of valuation used in this case was appropriate.

2. Respondents' assertion that the use of the before and after method of valuation allowed petitioner to consider a benefit to

REFERENCES

Am Jur 2d, Eminent Domain § 269.

Depreciation in value, from project for which land is condemned, as a factor in fixing compensation. 5 ALR3d 901.

the remainder of the parcel is without merit. No benefit to the remainder exists as a result of the taking, therefore, use of the before and after method of valuation was proper. Respondents received just compensation for the property taken.

Affirmed.

1. Eminent Domain — Valuation — Before and After Method.

The measure of compensation when using the before and after method of valuation is the difference between the market value of the entire parcel of land before the taking and the market value of the parcel remaining after the taking.

2. Eminent Domain — Valuation — Before and After Method.

The proper measure of compensation to be applied when only a portion of a parcel of land is taken for a public purpose and the remaining parcel is left unchanged by the taking and receives no benefit thereby may appropriately be determined by the before and after method of valuation.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Ronald F. Rose,* Assistant Attorney General, and *Thomas H. Healy,* Special Assistant Attorney General, for petitioner.

*Bert Burgoyne,* for respondents.

Before: Allen, P.J., and Wahls and M. Warshawsky,* JJ.

M. Warshawsky, J. Respondents are fee simple owners of approximately 123.02 acres of land located in White Lake Township, Oakland County. On February 27, 1980, petitioner Michigan Department of Transportation filed a petition in circuit court seeking to condemn, for the purpose of improving M-59 in Oakland County, the entire frontage of respondents' property along M-59 to a depth of 150 feet, constituting approximately 9.55 acres of the entire parcel.

The character of respondents' property is unchanged in that petitioner has not acquired or

---

* Circuit judge, sitting on the Court of Appeals by assignment.

extinguished respondents' rights of access to the remainder of the parcel. In addition, respondents' property remains in a shape similar to that of the property before the taking, the only alteration being a slight reduction in the depth of the property. The length of frontage along M-59 remains the same. The parcel is, for the most part, unimproved with the exception of a farm house and barn located on a portion of the property unaffected by the taking.

Petitioner retained an appraiser who utilized the before and after method of valuation to determine just compensation to be paid to the respondent owners for the property taken. Respondents objected to the method of valuation used to determine just compensation. Respondents claimed use of the before and after method of valuation allowed petitioner to consider benefits to the respondents' remaining property without pleading benefits as required by MCL 213.388; MSA 8.261(28).[1]

Respondents filed a motion in limine requesting that the trial court enter an order ruling that the before and after method of valuation was inapplicable to the case at bar. In addition, respondents sought an order prohibiting the introduction of any evidence at trial concerning the ownership of the untaken portion of the property, thus limiting the proofs to the fair market value of the 9.55 acres taken. An evidentiary hearing was held where petitioner's appraiser and a review appraiser for MDOT testified. In addition, a sketch of the property and the petitioner's appraisal were entered into evidence. The trial court, subsequently, denied respondents' motion. Thereafter, the parties determined that there were no genuine

[1] MCL 213.388; MSA 8.261(28), was in effect when MDOT filed this action. The statute has been repealed; however, substantially similar language now appears in MCL 213.73; MSA 8.45.

issues of material fact since the respondents accepted the appraiser's valuation while challenging the method used for the valuation. MDOT moved for summary judgment. The trial court, having previously ruled that the before and after valuation was proper, granted summary judgment and awarded respondents $22,000 for the value of the property taken.

Respondents appeal as of right, challenging the trial court's use of the before and after method of valuation. Respondents argue that the before and after method of valuation allowed MDOT to consider the enhancement in value of respondents' remaining property without pleading benefits as required by MCL 213.388; MSA 8.261(28). Further, respondents argue that the portion of the property taken should be valued individually without regard to the remainder of the parcel. Respondents contend that the property taken was located along M-59 and was within three hundred feet of the highway; therefore, the highest and best use for the property would have been commercial, and thus, they should have been compensated at the higher commercial rate of $0.60 per square foot. We disagree.

This Court holds that the before and after method of valuation used in this case was appropriate. When using the before and after method of valuation, the measure of compensation is the difference between the market value of the entire parcel before the taking and the market value of the parcel remaining after the taking.

In a factually similar case, *In re Widening of Fulton Street*, 248 Mich 13; 226 NW 690 (1929), the Michigan Supreme Court approved the use of the before and after method of valuation and rejected a similar argument as presented by respondents here. Our Supreme Court, in *In re*

*Widening of Fulton Street,* approved the trial court's jury instructions on valuation which were as follows:

> The measure of damages of the land that is taken is not the value of the 16-foot strip considered by itself alone. The measure of damages is the difference between the value of the property as it now is, with nothing taken, and the property with 16 feet taken from its front, and without taking into consideration any benefit to the property that remains, accruing by reason of the widening of the street. In other words, if the land were now 100 feet deep—which seems to be the figure that has been taken for convenience—and 16 feet of it were taken, the measure of damages would be the difference between the value of the same piece of land with the same street in front of it, not widened, with a depth of 100 feet, and the value of that same land, with the street not widened, with a depth of 84 feet. Now that is the rule of damages. [*Id.,* at 18.]

Further, in rejecting arguments similar to those presented by respondents here, our Supreme Court stated:

> [T]he appellants claim that they should be paid as damages occasioned by taking the front 16 feet of their respective properties the fair market value obtainable therefor by its sale as a parcel separated from the remaining portion of the property. . . . But the rule for which the appellants contend is not the correct rule by which a property owner's damage should be assessed when only a portion of the parcel is taken. The fallacy in appellants' proposed method of fixing the amount of damages lies in overlooking the fact that widening Fulton street does not deprive their properties of frontage on that street, as would a sale of the front 16 feet for private use. They will still have a right of ingress and egress on Fulton street, and

their easement as to light and air on that side will still be pertinent to their properties. In perpetuating a frontage on Fulton street the city will preserve the *status quo.* The rights mentioned are not new or additional rights which will come to these property owners by reason of the widening of Fulton street. They are rights which they had before the street improvement was contemplated and they will have these same rights after its consummation. Hence these rights of the property owners cannot be considered a part of the benefit or improvement incident to the widening of this street for which an assessment may be made against the remaining portion of these properties. But clearly the reservation of these rights is a proper factor to be considered in determining the amount of the damage and in awarding to these property owners 'just compensation therefor' according to our constitutional provision. If these respondents sold to a private owner the front 16 feet of their lots, the property rights which they would convey to their grantees would be very different and more valuable than the property rights which the city is attempting to take by condemnation, and just compensation or the fair measure of damages is not the same in the one instance as in the other. [*Id.,* at 19-20.]

We find *In re Widening of Fulton Street* controlling in the instant case. Here, as in *In re Widening of Fulton Street,* the character of the remaining parcel is unchanged by the taking. Respondents' assertion that the use of the before and after method of valuation allowed MDOT to consider a benefit to the remainder of the parcel is without merit. Respondents did not obtain any new potential for commercial development by reason of the taking. Prior to the taking respondents' parcel had the potential for commercial development up to a depth of three hundred feet. After the taking the same potential for commercial de-

velopment exists. A change in the specific portion of the parcel which is eligible for potential commercial development cannot be considered a benefit incident to the taking. We find no benefit to the remainder of respondents' parcel as a result of the taking; therefore, use of the before and after method of valuation was appropriate.

Respondents cite *State Highway Comm'r v Sabo,* 4 Mich App 291; 144 NW2d 798 (1966), in support of their position; however, we note that the facts in *Sabo* are easily distinguished from the facts in the case at bar. In *Sabo,* the taking resulted in a change in the character of the remaining parcel. Prior to the taking, the property was L-shaped with limited frontage on the road being widened. After the taking the remaining parcel had considerably more frontage on the road, and had been converted into a corner lot. In the instant case, the character of respondents' property is unchanged by the taking. Respondents' remaining property has the same amount of frontage on M-59 and the potential for commercial development remains the same.

In summary, we find the application of the before and after method of valuation was appropriate in this case. The respondents received just compensation for the property taken.

Affirmed.