**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

County of Charleston, Respondent,

v.

Walter G. McAdory, Landowner, and Branch Banking and Trust Company and South Carolina Electric & Gas Company, Other Condemnees,

Of whom Walter G. McAdory is the Appellant.

Appellate Case No. 2013-002430

———————————

Appeal From Charleston County
Deadra L. Jefferson, Circuit Court Judge

———————————

Unpublished Opinion No. 2015-UP-370
Submitted July 1, 2015 – Filed July 29, 2015

———————————

**AFFIRMED**

———————————

Abigail Budd Walsh, of Williams & Walsh, LLC, of Charleston; and Christopher L. Murphy, of Murphy Law Offices, LLC, of Mount Pleasant, for Appellant.

Bernard E. Ferrara, Jr., Joseph Dawson, III, Bradley Allen Mitchell, and Johanna Serrano Gardner, all of the Charleston County Attorney's Office, of North Charleston, for Respondent.

**PER CURIAM:**  Walter G. McAdory appeals a circuit court judgment in a condemnation action, arguing the circuit court erred in not allowing (1) his testimony regarding the cost of improvements made to the subject property, (2) his testimony regarding an estimate he received to reconfigure the remaining property, and (3) the jury to inspect the inside of the building during a site visit.  We affirm.

1. We find the circuit court did not abuse its discretion in excluding testimony regarding the cost of the improvements.  *See Conner v. City of Forest Acres*, 363 S.C. 460, 467, 611 S.E.2d 905, 908 (2005) ("The admission or exclusion of evidence is within the sound discretion of the trial court and the trial court's decision will not be disturbed on appeal absent an abuse of discretion."); *id.* ("An abuse of discretion occurs when the ruling is based on an error of law or a factual conclusion without evidentiary support."); *Fields v. Reg'l Med. Ctr. Orangeburg*, 363 S.C. 19, 26, 609 S.E.2d 506, 509 (2005) ("To warrant reversal based on the admission or exclusion of evidence, the appellant must prove both the error of the ruling and the resulting prejudice, i.e., that there is a reasonable probability the jury's verdict was influenced by the challenged evidence or the lack thereof."); S.C. Code Ann. § 28-2-370 (2007) ("In determining just compensation, only the value of the property to be taken, any diminution in the value of the landowner's remaining property, and any benefits as provided in [section 28-2-360 of the South Carolina Code (2007)] may be considered."); *Hous. Auth. of City of Charleston v. Olasov*, 282 S.C. 603, 608, 320 S.E.2d 478, 481 (Ct. App. 1984) ("Fair market value is that price which a willing buyer will pay a willing seller, neither being under compulsion to buy or sell and both being fully informed of all uses to which the property is adopted and for which it is capable of being used."); Rule 403, SCRE (providing relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury").

2. We find the circuit court did not abuse its discretion in refusing to allow McAdory to testify regarding a contractor's estimate to reconfigure the remaining property because this testimony would have been inadmissible hearsay.  *See Conner*, 363 S.C. at 467, 611 S.E.2d at 908 ("The admission or exclusion of evidence is within the sound discretion of the trial court and the trial court's decision will not be disturbed on appeal absent an abuse of discretion."); *id.* ("An abuse of discretion occurs when the ruling is based on an error of law or a factual conclusion without evidentiary support."); *Fields*, 363 S.C. at 26, 609 S.E.2d at 509 ("To warrant reversal based on the admission or exclusion of evidence, the

appellant must prove both the error of the ruling and the resulting prejudice, i.e., that there is a reasonable probability the jury's verdict was influenced by the challenged evidence or the lack thereof."); Rule 801, SCRE (defining hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted"); Rule 802, SCRE ("Hearsay is not admissible except as provided by these rules or by other rules prescribed by the [s]upreme [c]ourt of this [s]tate or by statute.").

3. We find that even if the circuit court erred by ruling the jury would not be allowed to view the inside of the building during the site visit, McAdory was not prejudiced by this ruling because the jury was allowed into the shop area of the building. *See Owners Ins. Co. v. Clayton*, 364 S.C. 555, 563, 614 S.E.2d 611, 615 (2005) ("Error without prejudice does not warrant reversal."). To the extent McAdory argues the circuit court erred by not allowing the jury to view other areas of the building, we find that even if this was error, McAdory was not prejudiced. *See id.*

**AFFIRMED.**[1]

**THOMAS, KONDUROS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.